---

### PEOPLE v. KENNY.

(Supreme Court, Appellate Division, First Department. December 10, 1909.)

LARCENY (§ 3*)—INTENT.

     Under Pen. Code, § 528, making guilty of larceny one who takes property with intent to deprive the owner of the same, or of the use and benefit thereof, a taking of property without an intent to so permanently appropriate the same as to deprive the owner of the property itself, or its use and benefit, is not "larceny." There must be something more than an intention to retain possession of property, without an intent to actually appropriate it.

     [Ed. Note.—For other cases, see Larceny, Cent. Dig. §§ 6, 8; Dec. Dig. § 3.*

     For other definitions, see Words and Phrases, vol. 5, pp. 3991–4003.]

     Laughlin, J., dissenting.

Appeal from Court of General Sessions, New York County.

· Frank Kenny was convicted of petit larceny, and appeals. Reversed, and new trial ordered.

See, also, 118 N. Y. Supp. 1132.

Argued before PATTERSON, P. J., and INGRAHAM, LAUGHLIN, CLARKE, and HOUGHTON, JJ.

· John J. Cunneen, for appellant.

Robert C. Taylor, for respondent.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

INGRAHAM, J. The defendant was indicted for grand larceny in stealing a horse and wagon and a set of harness.. Upon his trial at the Court of General Sessions, he was convicted of petit larceny, and from the judgment entered thereon the defendant appeals.

It was proved on the trial that the defendant was in the employ of one Keefe, who was a milk dealer in the city of New York; that on the evening of the 13th of November, 1908, the defendant came to the complainant's house at a quarter past 6 for his supper; that at that time there was a horse, wagon, and harness in the complainant's stable; and that at 7 o'clock they had disappeared. The defendant was arrested on the 18th of November at Yonkers, N. Y. When asked what he had done with the horse and wagon, he stated that he had taken the horse and wagon for a ride; that he drove around Central Park up to 140th street, and tied the horse to a lamp post at 140th street and Seventh avenue. Subsequently the complainant recovered the horse and wagon at a livery stable in 124th street. The defendant testified that he took the horse and wagon about half past 6 in the evening; that he did not intend to steal the horse, but wanted to take the horse out to have a little fun.

The court charged the jury that, to constitute the crime of grand larceny, for which the defendant was indicted, it was not necessary that there should be an intent to keep the property, but that a person who, with intent to deprive the true owner of the use of his property, takes it, steals such property, and is guilty of larceny; that if the jury believed that the defendant intended to deprive the owner of the use of his property for 10 minutes, or any other period of time, and he took it with that intent, the jury could convict him of grand larceny in the second degree. The defendant's counsel asked the court to charge that, if the defendant took the plaintiff's horse and wagon with the intention of returning it, the defendant was not guilty. That the court declined to charge. He further asked the court to charge that the naked fact of taking the horse and wagon out of the stable for a ride was not larceny, to which the court replied: "No; the mere taking of the horse and wagon out of the stable is not larceny. It is larceny, however, if he took it, intending to deprive the owner of its use." Counsel for Defendant: "Permanently?" The Court: "No; I decline to say permanently."

To this the defendant excepted. The jury retired, and subsequently returned and asked the court whether the depriving a man of his property for several hours, where the evidence does not show an intention of stealing it, is a crime or not. The court replied that, if the evidence does not show an intention of stealing, then there is no crime, because stealing and larceny are synonymous; that it was for the jury to say whether or not the defendant stole the property; that as a matter of law that he did take it with felonious intent, if he took it with the intent to deprive the owner of the use and benefit of the horse and wagon; that if the defendant intended to deprive the owner of the benefit and use of this horse for any time whatever, and took it away with that intent, that was a felonious intent, and the jury might and should convict the defendant of grand larceny in the second degree, to which the defendant excepted. The court then declined to charge

that, if the defendant took this horse and wagon with the intention of using it and returning it, he was not guilty, and charged the jury that if the defendant took this horse and wagon, intending to use it, and thereafter, after he had used it, returning it, the defendant was guilty of larceny, which was excepted to.

I do not think this verdict can be sustained. The district attorney concedes that at common law there could be no larceny, except with the intent of depriving the owner of the property, but claims that the addition to the definition of larceny of the words "or of the use and benefit thereof," by section 528 of the Penal Code, created an entirely new offense, so that any one who takes property into his possession, with intent to retain its possession from the true owner for however short a time, is guilty of larceny. If a person takes the property of another with intent to deprive or defraud the owner of the property, or of the use and benefit thereof, he is guilty of larceny. What evidently was intended was such a permanent appropriation of the property as would deprive the owner of the property itself or of its use and benefit. A taking of property without such an intent is not larceny.

It is difficult to define just what intended retention of personal property is necessary to constitute a crime under section 528 of the Penal Code, and such definition will not be attempted, as the question as to whether the intention necessary to constitute that crime actually existed is largely a question for the jury; but the intention that the statute requires must be something more than an intention to retain possession of property without an intent to actually appropriate the property, although the owner of the property would be necessarily deprived of its possession while such retention continued. The distinction is that, where a person takes property with the intent to appropriate it to his own use and deprive the owner of the property itself, or to a substantial interest in it, larceny is committed, and the taking or retention of possession of property where there is no such actual felonious intent does not constitute a crime. From what happened on the trial, it is apparent that the jury did not believe that this was a felonious taking of the property; but they found a verdict of guilty only because of the direction to them that an intent to deprive the owner of the actual right to use this property while the defendant was taking a ride was sufficient to justify a conviction. A view of the statute as herein stated was adopted by the Appellate Division in the Second Department in Parr v. Loder, 97 App. Div. 220, 89 N. Y. Supp. 823. Applying this principle, I think justice requires that there should be a new trial.

It follows that the judgment appealed from must be reversed, and a new trial ordered.

PATTERSON, P. J., and CLARKE and HOUGHTON, JJ., concur. LAUGHLIN, J., dissents.