■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. JAMES R. MOLEY, Appellant.— Appeal by defendant: (1) from a judgment of the County Court, Kings County, rendered June 8, 1960, after a nonjury trial, convicting him of robbery in the third degree, and sentencing him, as a fourth felony offender, to serve a term of 15 years to life imprisonment; and (2) from each and every intermediate order made in the action. Judgment reversed on the law and the facts and new trial ordered. No separate appeal lies from the intermediate orders which have been reviewed on the appeal from the judgment of conviction. The indictment against defendant contains two counts of robbery in the second degree, each charging that on December 21, 1959, he "unlawfully took from the person and possession" of a named person "a wallet containing personal papers, of the aggregate value of less than one hundred dollars, owned by" said named person "against his will, by means of force and violence, and fear of immediate injury to his person." At the trial evidence was adduced sufficient to establish beyond a reasonable doubt that at the time and place alleged in the indictment, defendant was guilty of robbery committed by taking money from a cash register in the presence of, but not the property of, the persons named in the indictment. With respect to the acts charged in the indictment, the proof was in substance that the defendant demanded of one of the named persons that he give him his money,

and that he gave him an empty wallet. The other person named in the indictment testified that defendant took a wallet from his possession but that there was nothing in it. There was further evidence that both wallets were promptly returned by defendant. With respect to the taking of the wallets, the proof was insufficient to establish the intent to steal necessary to constitute the crime of robbery. (Cf. *People* v. *Koerber,* 244 N. Y. 147, 153–154; *People* v. *Levan,* 295 N. Y. 26, 33; *People* v. *Kenney,* 135 App. Div. 380, 383.) The proof of the taking of the money from the cash register was insufficient to sustain the conviction, since there was a material variance between that proof and the acts charged in the indictment as constituting the crime. (*People* v. *Dumar,* 106 N. Y. 502; *People* v. *Kelly,* 218 App. Div. 849.) Nolan, P. J., Ughetta, Kleinfeld, Christ and Brennan, JJ., concur.