58

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LUIS GUZMAN, Appellant.

First Department, May 10, 1979

## APPEARANCES OF COUNSEL

*Erica Horwitz* of counsel *(William E. Hellerstein,* attorney), for appellant.

*Joseph T. Ippolito* of counsel *(Vivian Berger* with him on the brief; *Robert M. Morgenthau, District Attorney),* for respondent.

## OPINION OF THE COURT

Ross, J.

The defendant was convicted after a trial by jury, of two counts of robbery in the first degree, and assault in the first degree.

Complainant, Louis Santiago, while carrying a camera in Madison Park, was approached by Joseph Guzman, who was previously known to complainant as the brother of the defendant herein. Joseph borrowed $10 from Santiago, and delivered his watch as collateral for the loan. Several minutes later Joseph Guzman demanded the return of this watch from Santiago, who refused to return it unless he was repaid the $10. After an exchange of words and a fist fight, Santiago returned the watch to Joseph Guzman, informing Guzman he could repay the $10 when he had it. In the interim, the defendant had taken possession of Santiago's camera which had been placed on the ground during the fist fight and was in the process of leaving the area with it. Santiago asked for the return of his camera, stating that he had already returned the watch to defendant's brother. The record then indicates that when Santiago approached the defendant and was within two or three feet of him, the defendant held out the camera towards Santiago (as if offering it to him), but when Santiago reached for the camera, defendant thrust a knife into Santiago's chest, penetrating the victim's lung. Defendant ran from the scene and was apprehended shortly thereafter in a subway station at Park Avenue and 28th Street while still in possession of the knife and Santiago's camera.

■ We find no merit in appellant's argument that he was denied his constitutional right to a fair trial when the prosecutor cross-examined him with reference to prior "charges".*

---

\* Defendant in Alabama, in 1974, had robbed a liquor store while armed with a loaded gun and assaulted a corrections officer, for which acts the defendant received youthful offender treatment.

It is well settled that a youthful offender adjudication may not be used to impeach a witness. However, the illegal and immoral acts underlying the adjudication may be used on cross-examination to attack defendant's credibility. *(People v Greer,* 42 NY2d 170, 176; *People v Duffy,* 36 NY2d 258; *People v Vidal,* 26 NY2d 249.)* The record indicates that the first time the word "charge" was mentioned, it was the defendant himself who used it. In reply to the question, "Did you ever assault anyone on June 22, 1976?", the defendant answered, "Well, I was *charged* with an assault [emphasis supplied]." The extent of the prosecutor's cross-examination of the defendant about the facts underlying the youthful offender adjudication was subject to the sound discretion of the Trial Judge *(People v Sandoval,* 34 NY2d 371; *People v Duffy,* 36 NY2d 258, *supra),* which was not abused in the instant case. Moreover, the record indicates that no objection was made to the prosecutor's questions concerning the facts underlying said adjudication. In any event, the Trial Judge did instruct the jury in her charge: "Evidence of prior immoral or illicit conduct, however, may be considered by you as relative, only to the issue of credibility. You may not consider it for any other purpose".

■ Nor do we find merit in defendant's claim that no robbery was proven because the assault on Santiago was subsequent to and distinct from the larceny of the camera.

Section 160.00 of the Penal Law provides:

"Robbery is forceful stealing. A person forcibly steals property and commits robbery when, in the course of committing a larceny, he uses or threatens the immediate use of physical force upon another person for the purpose of:

"(1) Preventing or overcoming resistance to the taking of property *or to the retention thereof immediately after the taking"* (emphasis supplied).

Accordingly, a robbery could occur, under the statute, subsequent to the taking of the property by the use of physical force to overcome the victim's resistance to the defendant's retention of property, immediately after the taking.

■ However, we do find merit in appellant's claim that the court failed to adequately instruct the jury on the elements of larceny. Subdivision 1 of section 155.05 of the Penal Law states: "A person steals property and commits larceny when, with intent to *deprive* another of property or to *appropriate* the same to himself or to a third person, he wrongfully takes,

obtains or withholds such property from an owner thereof." (Emphasis supplied.)

In this case it is defendant-appellant's claim that he took Santiago's camera for the purpose of effecting a trade for his brother's watch, being held by Santiago. This assertion raises an important question of fact that can only be determined by the jury. The trial court, in its charge, did not elaborate upon its recitation of section 155.05 of the Penal Law, either by explaining the need for an intent to deprive permanently, or even by reading the statutory definition of "deprive" and "appropriate". Subdivision 3 of section 155.00 of the Penal Law defines the word deprive, "(a) to withhold it or cause it to be withheld from him permanently or for so extended a period or under such circumstances that the major portion of its economic value or benefit is lost to him". Subdivision 4 of the same section defines the meaning of the word "appropriate", "(a) to exercise control over it, or to aid a third person to exercise control over it, permanently". Thus, the meaning of the words "deprived" and "appropriate" has particular significance in this case. The People are required to prove that there was a specific intent to steal, and the act must contemplate such a permanent appropriation of the property. A temporary taking will not establish the larcenous intent. *(People v Kenney,* 135 App Div 380.) The evidence raises a question of whether appellant did indeed have the required larcenous intent. Appellant alleged that he took the camera for the purpose of compelling Santiago to return his brother's watch. Santiago's testimony would indicate that at the time appellant took Santiago's camera, Santiago was still in possession of the watch. The issue of appellant's intent is crucial, and should have been submitted to the jury. For the jury to have reached a proper conclusion with reference to defendant's intent, they would have had to have received a proper definition of the words "deprived" and "appropriate"; absent a finding of such intent, the jury would be required to acquit the defendant on the charge of robbery. Where the intent of the defendant is uncertain, the jury should be instructed to give the defendant the benefit of the doubt. *(People v Levan,* 295 NY 26; *People v Koerber,* 244 NY 147.)

The evidence indicates that defendant could have continued to flee with Santiago's camera; but when called by Santiago, the defendant stopped and walked back towards Santiago with the camera. Had the jury been given a proper definition of the

words "deprived" and "appropriate", the jury could have found that defendant did not actually intend to appropriate the camera; they could very well have found that defendant believed he was correcting an unfair transaction in which his brother had been victimized.

We have considered the other issues raised on the appeal (not all of which were properly preserved for review) and find that they are lacking in merit.

Accordingly, the judgment, Supreme Court, New York County (KELLEY, J.), rendered April 13, 1977, after a jury verdict, convicting defendant of robbery in the first degree (two counts) and assault in the first degree, and sentencing him, respectively, to two 4- to 12-year terms of imprisonment, for the robberies, and to a 3- to 9-year term of imprisonment for the assault, all sentences to run concurrently, should be unanimously modified, on the law, to the extent of reversing the convictions on the robbery counts, vacating the sentences thereon and remanding the case for a new trial on said counts; and, except as so modified, affirmed.

With respect to the assault charge and sentence thereon, the case is remitted to the Supreme Court, New York County, for further proceedings pursuant to CPL 460.50 (subd 5).

KUPFERMAN, J. P., BIRNS, FEIN and LUPIANO, JJ., concur.

Judgment, Supreme Court, New York County, rendered on April 13, 1977, modified, on the law, to the extent of reversing the convictions on the robbery counts, vacating the sentences thereon and remanding the case for a new trial on said counts; and, except as so modified, affirmed. With respect to the assault charge and sentence thereon, the case is remitted to the Supreme Court, New York County, for further proceedings pursuant to CPL 460.50 (subd 5).