■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RONNIE WILLIAMS, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Vinik, J.), rendered April 12, 1983, convicting him of criminal trespass in the first degree, upon a jury verdict, and imposing sentence.

Judgment affirmed.

The record establishes that the prosecutor, defense counsel, and the court were all under the impression that the defendant had previously been convicted of attempted robbery in the second degree. Upon the defendant's pretrial *Sandoval* application, the court ruled that should the defendant choose to testify, the prosecutor could ask the defendant whether he was ever convicted of a felony, but could not inquire as to the underlying facts of the conviction. The defendant subsequently took the stand at trial, and was cross-examined by the prosecutor with respect to this supposed conviction. It was later learned that there was, in fact, no such prior criminal *conviction,* but that the defendant had been adjudicated a youthful offender. Under these circumstances, we find that, although it is generally improper to permit a defendant to be impeached based upon prior youthful offender adjudications *(see, People v Greer,* 42 NY2d 170, 176; *People v Guzman,* 68 AD2d 58, 61), the court committed no error in this case. The prosecutor believed in good faith that the defendant had been convicted of a crime, and, indeed, the defendant himself admitted as much. To reverse the judgment on this basis would be to hold that the People must be more intimately familiar with the defendant's criminal past than the defendant himself. We therefore reject the defendant's contention that a new trial is warranted on this basis. The defendant also argues that the trial court should have charged the jury that his brother (who was arrested together with the defendant) had become unavailable to testify. Such a charge, according to the defendant, would have neutralized the effect of the prosecutor's having elicited testimony establishing that his brother was present in the courtroom during the trial. The defendant relies on *People v Thomas* (51 NY2d 466) (neutralizing charge should be given

to avoid jury speculation as to why a key witness, who invoked the 5th Amendment privilege against self-incrimination, failed to testify). The People respond that, unlike *People v Thomas (supra)*, the record in this case is devoid of proof that the defendant's brother actually intended to invoke his 5th Amendment privilege. We find that no specific charge pursuant to *People v Thomas (supra)* was requested. At most, the defense counsel requested permission to mention, in his summation, that the defendant's brother could have been called to the stand by either side. Therefore, this request, which was properly denied, was not sufficient to preserve a claim that the court should have given a *Thomas* charge *(see,* CPL 470.05 [2]; *People v Nuccie,* 57 NY2d 818; *cf. People v Whalen,* 59 NY2d 273). The defendant's remaining contentions have been reviewed and are without merit. Mangano, J. P., Thompson, Brown and Weinstein, JJ., concur.