■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RAYQUAN PORTER, Appellant.—Judgment of the Supreme Court, New York County (Edwin Torres, J.), rendered May 21, 1991, convicting defendant, after jury trial, of robbery in the third degree and grand larceny in the fourth degree, and sentencing him, as a second violent felony offender, to concurrent indeterminate terms of imprisonment of from 3½ to 7 years and from 2 to 4 years, respectively, unanimously reversed, on the law, and the matter remanded to Supreme Court for a new trial.

Defendant was convicted of robbery for the alleged snatching of a chain from complainant's neck. The testimony indicates that there was some pushing and shoving between the two men and some name-calling by defendant, but complainant's testimony before the Grand Jury and at trial was inconsistent as to whether it took place before or after the chain was pulled from his neck. His companion testified only to seeing marks on complainant's neck and to noticing that his chain and cross were gone immediately after the encounter. Complainant and his companion ran to a passing police car, and the officers pursued and captured defendant. One police officer testified that, from the time complainant pointed out defendant to the time of his capture, the officer never lost sight of him. He also stated that at no time did he see a chain in defendant's possession or being thrown away by defendant. No chain was recovered from defendant's person and, in retracing the path of the chase, none was found.

On summation, the prosecutor was permitted to state, erroneously, that complainant's companion had testified to seeing the chain pulled from his neck by defendant. The court denied defense counsel's request for an amplified charge on larcenous intent *(People v Guzman,* 68 AD2d 58, 62), responded to jury questions regarding this issue without affording counsel the opportunity to be heard *(People v O'Rama,* 78 NY2d 270, 277-278) and precluded defense counsel from entering an appropriate objection to comments made by the prosecutor on summation *(People v De Jesus,* 42 NY2d 519, 526). We agree with defendant that the question of whether the chain was pulled

from complainant's neck inadvertently or with intent to appropriate it or to deprive complainant of it (Penal Law §§ 155.00, 155.05) is the critical issue in this case. The court's rulings prevented the jury from properly weighing the evidence and were thus prejudicial to defendant so as to deprive him of a fair trial *(People v O'Rama, supra,* at 280; *People v De Jesus, supra,* at 526). Concur—Carro, J. P., Ellerin, Kupferman, Kassal and Rubin, JJ.