(December 7, 1989)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL NIXON, Appellant.—Judgment of the Supreme Court, New York County (Franklin Weissberg, J.), rendered January 26, 1988, convicting the defendant after a bench trial, of robbery in the third degree, and sentencing the defendant to a term of 2 to 4 years, modified, on the law, to the extent of reducing the conviction to one for petit larceny, vacating the sentence and resentencing the defendant to time served, and except as so modified, affirmed.

The present prosecution arises out of the theft of some roses. It is not disputed that the roses were taken by the defendant from the complainant's stand without the use of any force. Indeed, the complainant was not aware of the theft until after it had been completed and the defendant was in the process of walking away from the stand. When the com-

plainant realized what had happened he chased the defendant, caught up to him and kicked him in the back sending him reeling across the pavement and onto the ground where a scuffle ensued. A nearby police officer observed these events and ran to intervene. As he approached the scuffling pair he yelled, "Police officer, stop". The police officer, the only witness at defendant's trial, could not recall whether the defendant continued in possession of the roses as he fought with the complainant. It is, however, clear that the roses were not recovered from the defendant.

The defendant was charged with robbery in the first degree (Penal Law § 160.15 [3]) and assault in the second degree (Penal Law § 120.05 [2]). At the close of the People's case the court dismissed those charges ruling that the prosecution had not presented sufficient evidence to warrant a conviction on either count. The court, did, however, think the evidence sufficient to support a conviction of the lesser included offense of robbery in the third degree (Penal Law § 160.05) because the incident had included the use of force. The defense had contended that the evidence was sufficient only to sustain a conviction of petit larceny and subsequently reiterated that view in a motion to set aside the verdict, which motion was denied.

To sustain a conviction of robbery in the third degree, the prosecution must prove that the defendant used force in the commission of the theft (Penal Law § 160.05). More specifically, it must be shown not simply that the incident included the use of force, but that the defendant used or threatened

"the immediate use of physical force upon another person for the purpose of:

"1. Preventing or overcoming resistance to the taking of the property or to the retention thereof immediately after the taking; or

"2. Compelling the owner of such property or another person to deliver up the property or to engage in other conduct which aids in the commission of the larceny" (Penal Law § 160.00; *see also, People v Rudelt,* 6 AD2d 640, 642; *People v Chessman,* 75 AD2d 187, 193-194, *appeal dismissed* 54 NY2d 1016).

The issue presented by the facts at bar is whether it was established that the defendant did, in fact, use physical force "for the purpose of * * * [p]reventing or overcoming resistance * * * to the retention [of the stolen property] immediately after the taking". We do not think that it was.

There was no evidence that the defendant remained in possession of the stolen roses at the time of the scuffle. Without such evidence it is impossible to conclude with any measure of certainty, much less beyond a reasonable doubt, that the force employed by the defendant had as its purpose preventing or overcoming resistance to the retention of the property. Moreover, under the circumstances, it would appear highly improbable that defendant's use of force was accompanied by any intention to assert or reassert control over the roses. He had just been tackled by the complainant and a nearby police officer was in pursuit having already made his presence known by yelling to the defendant to stop. The defendant would not have wanted to retain or regain the incriminating roses with the complainant literally upon him and the police not far behind. It would seem far more likely that whatever force was used by the defendant was intended solely to facilitate his escape or was merely a reaction to his having been knocked down with considerable force by the complainant.

The circumstances were entirely different in the cases cited by the People. In both *People v Brock* (125 AD2d 401) and *People v Johnstone* (131 AD2d 782) there was clear evidence that the defendants retained the stolen property and that they sought to continue to do so by threatening the use of force against the complainants.

Given the failure of the People to adduce evidence sufficient to establish that force was used by the defendant in such a way as to transform his larceny into a robbery, we reduce his conviction to one for the lesser included offense of petit larceny *(see, People v Walden,* 120 AD2d 362). As defendant has already served in excess of the maximum one-year sentence for petit larceny, a class A misdemeanor, there is no need to remand for resentencing *(see, People v Riddick,* 69 AD2d 826; *People v Bernard,* 123 AD2d 324). Concur—Murphy, P. J., Rosenberger and Wallach, JJ.

Sullivan and Asch, JJ., dissent in a memorandum by Sullivan, J., as follows: The majority concludes that the People failed to prove beyond a reasonable doubt that defendant beat and scratched the complainant for the purpose of retaining the stolen property and overcoming the latter's resistance to the theft, and that it is far more likely that any force defendant used was only meant to facilitate his escape. On the basis of such reasoning, the majority modifies the judgment to reduce defendant's conviction of robbery in the third degree to petit larceny.

Robbery in the third degree is defined as the forcible stealing of property. (Penal Law § 160.05.) Force used for the purpose of " '[p]reventing or overcoming resistance to the taking of property *or to the retention thereof immediately after the taking*' " elevates a larceny to robbery. *(People v Guzman,* 68 AD2d 58, 61; *see,* Penal Law § 160.00 [1].) Here, as the trial court fully appreciated, defendant used force to overcome the complainant-storekeeper's resistance to his retention of the stolen property immediately after the taking.

As the record shows, within seconds of the theft, the storekeeper pursued defendant as he ran off with the stolen goods, a bucket of roses. In a matter of minutes, the storekeeper caught up with defendant, who still held the stolen property, and kicked him, thus actively resisting defendant's retention of the stolen property. In response, defendant beat and scratched the storekeeper with an antenna to overcome that resistance. Yet, because the policeman could not see whether defendant still held onto the bucket of flowers while on the ground and engaged in a fight with the storekeeper,* the majority concludes that it cannot be said that defendant used force to retain the stolen property. I respectfully disagree. If defendant had intended to flee without the stolen bucket of flowers, he would have dropped it long before the storekeeper caught up with him, so as to increase his chances of escaping. Instead, he held onto the bucket, and did not let go until he met with physical resistance from the victim, evincing his intent to fight for continued possession of the goods.

While defendant, no doubt, also used force to hasten his escape, that hardly absolves him of the robbery, for it is settled that although force used to effect only an escape does not constitute a robbery, force used to effect an escape with the stolen property does constitute robbery. *(People v Rudelt,* 6 AD2d 640, 642.) This principle applies even where force was not used to effect the taking of the property. "[A]lthough the thief may have procured possession of the property of another without force or violence, the removal of the property from the presence of that other [i.e., its owner], with force or violence, constitutes robbery." *(People v Glynn,* 54 Hun 332, 334, *affd* 123 NY 631.) Here, defendant procured the property without force, but used force in the course of removing it from the owner's presence.

Indeed, this case is virtually indistinguishable from two

---

* The storekeeper was unavailable to testify. At defendant's request, the court, in reaching its decision, considered the storekeeper a missing witness.

Second Department cases. In *People v Brock* (125 AD2d 401), the defendant was faced during his flight with a demand for the return of a gold chain he had stolen moments earlier from the victim. Like defendant here, the defendant countered this resistance by threatening to use force against his pursuer. The court held that, in determining whether a robbery had occurred, the jury could consider the defendant's threatened use of force during the victim's pursuit of him, because it had immediately followed the theft and a demand for the prompt return of the chain. Similarly, in *People v Johnstone* (131 AD2d 782), the defendant, after surreptitiously stealing some meat, threw some of the stolen property at his pursuers. That action was considered to be "force" used "immediately after the taking" to thwart resistance to the defendant's retaining the rest of the property. Like Johnstone, defendant stole property, was pursued by the victim, and instead of abandoning the stolen property, used force against the victim to overcome his resistance to its retention.

In support of its conclusion that the proof was lacking to show that defendant used force to overcome the storekeeper's resistance to his retention of the stolen property, the majority cites *People v Walden* (120 AD2d 362). There, the defendant had stolen a package of gum. When confronted with her theft by the store owner, who had deducted the cost of the gum from her change, the defendant began throwing merchandise around. In response to the defendant "trashing" the store, the owner's son threatened to hit her if she did not stop. The defendant, in turn, hit the son. In such circumstances, this court understandably found that the force used by the defendant was not for the purpose of retaining the stolen property. The facts here compel a completely different result. They show that immediately after the theft, in the face of resistance to his retention of the property, defendant used force to effect an escape with the stolen goods. It should be noted that the roses, about 100 stems, were not scattered on the ground, but were still in the bucket, which was recovered at the scene.

Since defendant was properly convicted of robbery in the third degree, I would affirm.

