■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSEPH WHITE, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Rotker, J.), rendered May 13, 1987, convicting him of robbery in the second degree and robbery in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Viewing the evidence in the light most favorable to the People *(see, People v Contes,* 60 NY2d 620), we find that it was sufficient to establish the defendant's guilt beyond reasonable doubt. The complainant testified that the defendant displayed a knife to him at the same time that the defendant and his cohorts demanded that the complainant turn over his valuables. This was sufficient to establish a "forcible stealing" within the meaning of Penal Law § 160.00. The contemporaneity of the defendant's actions to compel the complainant to deliver up his property renders his reliance on *People v Walden* (120 AD2d 362) inapposite.

Moreover, upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence (CPL 470.15 [5]).

The defendant's contention that the prosecutor improperly referred to his failure to testify is not preserved for appellate review. Significantly, the trial court sustained the defendant's objection to the statements and gave the jury curative instructions. The defendant made no further applications with respect to those curative instructions. In the absence of such an application, it must be assumed that the court cured the error to the defendant's satisfaction, and he may not now contend that the statements were erroneous on appeal *(see, People v Santiago,* 52 NY2d 865, 866; *People v Parilla,* 158 AD2d 556; *People v Jalah,* 107 AD2d 762, 763). Moreover, review is not warranted in the exercise of our interest of justice jurisdiction.

Reading the charge as a whole, including the supplemental charge on the definition of reasonable doubt given to the jury at their request, we do not find that there was any danger that the jury misunderstood or misapplied the law.

Finally, we find that the defendant's sentence was not excessive in view of his criminal record *(see, People v Suitte,* 90 AD2d 80). Rubin, J. P., Eiber, Rosenblatt and Miller, JJ., concur.