■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICHARD KELLAM, Appellant.—Casey, J. Appeal from a judgment of the County Court of Tompkins County (Barrett, J.), rendered October 31, 1991, upon a verdict convicting defendant of the crimes of robbery in the first degree, criminal possession of a weapon in the third degree and criminal possession of stolen property in the fourth degree.

On December 14, 1990, a loss prevention officer at J.C. Penney's in the Pyramid Mall in the Village of Lansing, Tompkins County, from her position in the store's security loft, noticed defendant take three robes from a rack, fold them and place them in a large J.C. Penney's bag. The officer, by means of her radio, notified Scott Andrews, the merchandise manager, who was stationed outside the store, that defendant was about to leave. When Andrews stopped defendant and requested that he step inside the store for questioning about the contents of the bag he was carrying, defendant, who was about three feet from Andrews, threw the bag at Andrews, took a knife from his breast pocket and swung it at Andrews, ran into the parking lot without the bag, and jumped into a

gold Cadillac which drove away. The police who were summoned to the scene eventually caught up with the Cadillac and its occupants were requested to get out. The back seat of the vehicle was full of clothes and bags from J.C. Penney's. A State Trooper found a knife under the passenger's seat of the vehicle when he searched it. Following his arrest, defendant signed a written statement in which he admitted entering a number of stores in the mall and stuffing J.C. Penney's bags with items. Five days later Andrews identified defendant in a lineup. On the basis of this evidence defendant was convicted after trial of robbery in the first degree, criminal possession of a weapon in the third degree and criminal possession of stolen property in the fourth degree. He was sentenced as a second felony offender to concurrent prison terms of 5 to 10 years for robbery in the first degree and 2 to 4 years for the remaining charges.

Defendant first argues that the verdict was against the weight of the evidence and the evidence did not establish a prima facie case of robbery in the first degree. We agree. As relevant, a person is guilty of robbery in the first degree when "he forcibly steals property and when, in the course of the commission of the crime or of immediate flight therefrom, he * * * [u]ses or threatens the immediate use of a dangerous instrument" (Penal Law § 160.15 [3]). Forcible stealing is the use of "physical force upon another person for the purpose of * * * [p]reventing or overcoming resistance to the taking of the property or to the retention thereof immediately after the taking" (Penal Law § 160.00 [1]). Specifically, defendant claims that inasmuch as he did not use the knife to steal the clothes and had relinquished the bag before displaying the knife to Andrews, he cannot be convicted of robbery in the first degree.

The "for the purpose of" language contained in Penal Law § 160.00 sets forth a *mens rea* element of robbery and, therefore, a defendant must intend the threatened or actual use of force to have one of the enumerated consequences *(People v Smith,* 79 NY2d 309, 312). Where, as here, there was no use of force in the taking of the property, there must be evidence that defendant's "conscious objective" in using or threatening to use physical force after the taking was to prevent or overcome resistance to defendant's retention of the property immediately after the taking *(see, supra,* at 315). Evidence that a defendant, who was confronted by security guards outside of a store, refused to comply with a request to return property allegedly taken from the store, and said, "Well, you will have to take it from me," as he brandished a knife, has

been held to be sufficient to permit the jury to find that the use of physical force immediately after the taking was to overcome resistance to defendant's retention of the property *(People v Dekle,* 83 AD2d 522, *affd* 56 NY2d 835). Here, however, defendant had relinquished the property before he threatened the use of the knife. In the absence of evidence that defendant remained in possession of the stolen property at the time he threatened the use of physical force, it is impossible to conclude beyond a reasonable doubt that defendant's conscious objective in threatening to use physical force was to prevent or overcome resistance to the retention of the property *(see, People v Nixon,* 156 AD2d 144, 146, *appeal dismissed* 76 NY2d 870). The evidence, therefore, was legally insufficient to establish defendant's guilt of robbery *(see, supra).*

Although the evidence is insufficient to transform the larceny into robbery, the evidence clearly establishes that defendant committed the larceny. Nevertheless, we decline to exercise our authority to reduce the robbery to the lesser included offense of petit larceny *(see,* CPL 470.15 [2] [a]). The conviction of the weapon and stolen property possession crimes will remain *(see,* CPL 470.20 [2], [6]) and the sentences imposed upon those convictions exceed the one-year maximum possible sentence for petit larceny, a class A misdemeanor. In view of our resolution of the robbery issue, we find no merit in defendant's remaining arguments.

Weiss, P. J., Levine, Mahoney and Harvey, JJ., concur. Ordered that the judgment is modified, on the law, by reversing so much thereof as convicted defendant of the crime of robbery in the first degree; the first count of the indictment is dismissed; and, as so modified, affirmed.