OPINION OF THE COURT
Mary McGowan Davis, J.
Following defendant’s conviction of bail jumping, a class E felony, the People filed a predicate felony statement based on defendant’s 1986 conviction in the Commonwealth of Pennsylvania for robbery in the first degree. Mr. Hanlon, through his attorney, has moved to controvert that statement.
The issue presented is whether defendant’s Pennsylvania robbery conviction qualifies as a predicate felony conviction within the meaning of Penal Law § 70.06, and therefore justifies imposition of an enhanced sentence. A prior out-of-State conviction will serve as a predicate felony conviction, when the foreign conviction is "of an offense for which a sentence to a term of imprisonment in excess of one year * * * [1] was authorized and [2] is authorized in * * * [New York] irrespective of whether such sentence was imposed”. (Penal Law § 70.06 [1] [b] [i].)
The first prong of this test is certainly met by Pennsylvania’s sentencing provisions, which authorize a term of imprisonment in excess of one year upon conviction of first degree robbery. (Pa Cons Stat, tit 18, § 1103.) The second prong requires this court to evaluate whether the particular crime of which defendant was convicted in Pennsylvania is the equivalent of a felony under New York law. (People v Muniz, 74 NY2d 464 [1989].) To make this determination, it is necessary to examine the relevant statutory elements of robbery in the first degree as defined in the clause of the Pennsylvania law under which defendant pleaded guilty. If those elements also make out a felony under New York law, defendant’s Pennsylvania conviction can be the basis for an enhanced sentence.
*661 Pennsylvania Consolidated Statutes, title 18, § 3701 (A) defines robbery in the first degree as follows:
"(1) A person is guilty of robbery [in the first degree] if, in the course of committing a theft, he:
"(i) inflicts serious bodily injury upon another;
"(ii) threatens another with or intentionally puts him in fear of immediate serious bodily injury;
"(iii) commits or threatens immediately to commit any felony of the first or second degree.”
That statute goes on to define robbery in the second and third degrees in clauses (iv) and (v) respectively and further provides that, "(2) An act shall be deemed 'in the course of committing a theft’ if it occurs in an attempt to commit the theft or in flight after the attempt or commission.”
To determine whether defendant’s prior conviction constitutes a prior felony conviction under Penal Law § 70.06, this court must compare the elements of the crime to which defendant pleaded guilty, as set forth in the relevant clause of the Pennsylvania statute, with a comparable New York crime.
I
Given that five different sets of elements constituting various degrees of robbery are subsumed under Pennsylvania Consolidated Statutes, title 18, § 3701, the court’s first task is to ascertain, if possible, the specific clause of the robbery statute under which defendant pleaded guilty. To that end, the People have supplied a plea and sentence certificate from the Pennsylvania court establishing that defendant pleaded guilty to a charge of robbery on February 13, 1986. The certificate does not reveal the degree of robbery to which defendant pleaded guilty, the count of the indictment under which the plea was taken, or the relevant clause of the robbery statute under which defendant was convicted. The certificate reflects only that defendant received a five-year probationary sentence on the robbery conviction, to run consecutively to a prison term imposed on a separate conviction for criminal conspiracy. The certificate is supplemented by copies of the "bills of information”, the accusatory instruments under which defendant pleaded guilty. The bill of information under criminal docket No. 3670-85 sets forth three counts of robbery in the first degree, two counts of robbery in the second degree, and one count of robbery in the *662 third degree. The People also supplied a copy of the transcript of the actual plea proceeding in the Commonwealth of Pennsylvania, Montgomery County Court of Common Pleas, February 13, 1986. That document does reveal that defendant pleaded guilty to robbery in the first degree under clause (ii) of Pennsylvania Consolidated Statutes, title 18, § 3701 (A) (1).
As a general rule, investigation into whether a foreign conviction will serve as a prior felony conviction for Penal Law § 70.06 purposes is limited to comparison of the elements of the foreign crime, as set forth in the statute, with the elements of a comparable New York felony statute, without any reference to the particular facts alleged in the foreign indictment. (People v Olah, 300 NY 96 [1949].) These restrictions on the sentencing court’s power to investigate the basis for an out-of-State conviction comport with the plain language of Penal Law § 70.06. It is the crime of which a defendant is convicted, and not the underlying acts he may have committed, that must constitute a felony under New York law. A defendant’s acts, as revealed in extraneous matters contained in an indictment or in evidence adduced at trial, might in fact be felonious in New York. For Penal Law § 70.06 purposes, however, a defendant is convicted only of the crime as defined by statute, unelaborated by other information appearing in the record, because there is "no assurance that such extra allegations played any actual part in the foreign conviction”. (People v Muniz, 74 NY2d 464, 468 [1989], supra.)
Given the explicit limitations on the court’s power to investigate the basis for the foreign conviction, the sentencing court’s inquiry is initially focused solely on the foreign statute under which a defendant has been convicted. Reference to the accusatory instrument may be made, however, in those situations where the foreign statute criminalizes various different acts, some of which would constitute felonies in New York and some of which would not (People v Gonzalez, 61 NY2d 586, 590-591 [1984]; People ex rel. Gold v Jackson, 5 NY2d 243 [1959]), but then only "to limit or narrow the basis for the conviction * * * not * * * to enlarge or expand the crime charged”. (People v Gonzalez, 61 NY2d, at 591.)
Here, as noted above, the Pennsylvania certificate of plea and sentence is devoid of any indication respecting the degree of robbery to which defendant pleaded guilty or under what count of the accusatory instrument the plea was entered. Nor is this gap filled by reference to the bill of information, as that document charges defendant, in five counts, with violating all *663 five clauses of the robbery statute. This case is thus similar to People v Gonzalez (61 NY2d, at 586, supra) in which the defendant was convicted under a statute "so broad that it proscribes conduct which in New York could be either a felony or a misdemeanor * * * [and] the nature of the offense [could] not be resolved by referring to the accusatory instrument.” (Supra, at 591.) In Gonzalez, however, there was no way at all to ascertain the precise nature of the offense of which the defendant was convicted. Here, on the other hand, the minutes of Mr. Hanlon’s guilty plea reveal the specific clause of the Pennsylvania robbery statute to which he pleaded guilty.
This court is thus faced with the question whether resort may be had to the minutes of defendant’s plea proceeding, not to enlarge the crime charged, but simply to identify the statutory crime to which defendant pleaded guilty in Pennsylvania. In the absence of precedent directly on point, and after review of the reasons for limiting judicial inquiry under Penal Law § 70.06, this court is of the view that resorting to the minutes of the plea proceeding may be had for the limited purpose of identifying the particular section of the foreign statute under which defendant was convicted. Use of the record in this manner presents none of the risks of harm discussed in People v Muniz (74 NY2d, at 468, supra) and merely rectifies what might be viewed as a clerical oversight on the part of the authorities in Pennsylvania.
II
Having established that defendant’s conviction was for first degree robbery as defined in clause (ii) of Pennsylvania Consolidated Statutes, title 18, § 3701 (A) (1), the elements of that offense must be scrutinized to determine if they would constitute a felony under New York law. In fact, such a comparison reveals that none of the crimes defined in Pennsylvania Consolidated Statutes, title 18, § 3701 has the specific mens rea element necessary to sustain a robbery conviction under New York law.
The Penal Law defines robbery as "forcible stealing”, which term is further defined as follows:
"A person forcibly steals property and commits robbery when, in the course of committing a larceny, he uses or threatens the immediate use of physical force upon another person for the purpose of:
*664 "1. Preventing or overcoming resistance to the taking of the property or to the retention thereof immediately after the taking; or
"2. Compelling the owner of such property or another person to deliver up the property or to engage in other conduct which aids in the commission of the larceny.” (Penal Law § 160.00 [emphasis added].)
To constitute robbery in any degree under New York law, it must be established that the force used in the course of the theft was employed "for the purpose of’ or with "the conscious objective or intention of’ achieving one of the enumerated consequences; and as the Court of Appeals recently emphasized, this "for the purpose of’ language prescribes a necessary mens rea element for conviction. (People v Smith, 79 NY2d 309, 315 [1992]; People v Kellam, 189 AD2d 1008 [3d Dept 1993]; People v Quinn, 186 AD2d 691 [2d Dept 1992].)
For example, in the recent case of People v Kellam (supra) the Third Department overturned the defendant’s robbery conviction, holding that the evidence respecting the defendant’s use of force was insufficient to transform a proven larceny into a robbery. In that case, the defendant had carried merchandise out of a store without paying for it. When a security guard tried to stop him, the defendant threw the merchandise at his pursuer, then produced a knife, swung it at the guard, and ran. Given the timing of the abandonment of the merchandise and the use of the knife, the court ruled that "it is impossible to conclude beyond a reasonable doubt that defendant’s conscious objective in threatening to use physical force was to prevent or overcome resistance to the retention of the property”. (Supra, at 1010.)
The law of Pennsylvania with respect to this element of mens rea is different. Under Pennsylvania law, robbery is a form of larceny aggravated by the use of force and requires, in common with New York, that the intent to steal exist at the time property is taken. In contrast with New York, however, Pennsylvania has no requirement that force be used with the intent of accomplishing the theft. In Pennsylvania, when a "defendant took property from the victim after he had beaten him in a fight, he is guilty of robbery without regard to whether he had formed the intent of taking the property after he had beaten the victim.” (Commonwealth v Kesting, 274 Pa Super 79, 93, 417 A2d 1262, 1269 [1979], quoting Wharton, Criminal Law, vol 2, § 78; see also, Commonwealth v Perkins, *665 473 Pa 116, 373 A2d 1076, 1082 [1977]; Commonwealth v Maldonado, 343 Pa Super 154, 166, 494 A2d 402, 408 [1985].)
Indeed, the Pennsylvania robbery statute, based on the Model Penal Code, contains no requirement that force be used for the purpose of accomplishing the theft. As one Pennsylvania appellate court has remarked, "[u]nder 18 Pa.C.S. § 3701 (a) (2), 'in the course of committing a theft’ is unusual * * * insofar as it makes classification of robbery depend in part on behavior after the theft might be said to be accomplished.” (Commonwealth v Maldonado, 343 Pa Super, at 167, 494 A2d, at 408, supra.)
In Maldonado (supra), the defendants, two brothers, were convicted of a felony murder committed in the course of a robbery. The evidence showed that one of the brothers, pursuant to an agreement between them, had snatched a box belonging to some picnickers at a park in Philadelphia, and had run off. Several of the picnickers gave chase and as one neared one of the defendants, he discarded the box and escaped. The victim continued to pursue the other defendant and was found 10 minutes later in another part of the park, stabbed twice in the back.
The defendants argued on appeal that this evidence proved only a theft and not a robbery, but the court concluded otherwise. "The fact that the fatal injury was inflicted after the box was discarded, while appellants were fleeing from the scene of the crime, does not * * * preclude a conviction of robbery. The theft became a robbery * * * when the decedent was fatally stabbed.” (Commonwealth v Maldonado, 343 Pa Super, at 167, 494 A2d, at 409, supra.)
As the same court noted in Commonwealth v Kesting (274 Pa Super, at 93, 417 A2d, at 1269, supra), "[n]either our cases on robbery nor those analogous cases dealing with felony-murder have required an exact contemporaneity of the assault with the intent to steal.”
This principle is further illustrated in Commonwealth v Perkins (473 Pa, at 116, 373 A2d, at 1076, supra), where the court rejected defendant’s contention that because the victim’s automobile and wallet were taken after the stabbing occurred, and the theft was an act independent of the killing, there was no robbery: "This argument totally ignores, however, our standard of review and the long-standing principle that 'if the killing is used to effectuate the robbery then it is immaterial that the intent to kill preceded the intent to rob since the *666 force resulting in death is the force used to accomplish the robbery.’ ” (Commonwealth v Perkins, 473 Pa, at 129, 373 A2d, at 1082, and cases cited therein.)
The result is quite different in the New York case of People v Smith (79 NY2d 309, supra). There, the defendant raped his victim, then threatened to kill her to avoid identification. She suggested that instead he take her purse, which he did. The Court of Appeals held that, by the terms of the New York statute, a defendant must intend that the threatened or actual use of physical force will either compel the person to give up the property or prevent resistance to the taking, and that this specific mens rea was an essential element of robbery.
Given this difference between the intent element required for robbery as defined in the laws of Pennsylvania and New York, it is clear that the Pennsylvania robbery statute includes within its proscription conduct that would not necessarily be felonious in New York. It is possible, for example, that an act deemed robbery under Pennsylvania law might be classified in New York as a larceny coupled with an unrelated act of menacing, simple assault, or criminal possession of a weapon, because New York construes a theft as robbery only where force is used with the specific intent of accomplishing the theft. Defendant’s Pennsylvania robbery conviction cannot, therefore, be used to predicate an increased sentence under Penal Law § 70.06.*
The People contend, however, that in committing first degree robbery, defendant also committed an act of felony assault under New York law. This claim has no evidentiary basis. The record reveals simply that defendant pleaded guilty to having, "in the course of committing a theft, feloniously * * * threatened with or intentionally put in fear of immediate serious bodily injury, Herman Goldstein”. This statutory definition cannot be expanded by reference to other statements at the allocution that suggest that an actual assault was accomplished, for the reasons identified in People v Gonzalez (61 NY2d, at 591, supra), and discussed above.
Since examination of the Pennsylvania statute under which *667 defendant was convicted of robbery does not reveal that he necessarily committed acts that would constitute a felony in New York, the People’s application to sentence Mr. Hanlon as a second felony offender on the basis of that foreign conviction is denied.

 To the extent that there is authority for the contrary proposition (see, People v Tantau, 143 AD2d 954 [2d Dept], lv denied 73 NY2d 860 [1988]), that case was decided well before the Court of Appeals decision in People v Smith (79 NY2d, at 309, supra). Furthermore, the issue had not been preserved for appeal, and the relevant statutes were not subjected to analysis by the court.