■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID MILLER, Appellant. [629 NYS2d 908] —Judgment unanimously reversed on the law and new trial granted. Memorandum: Defendant appeals from a judgment convicting him of robbery in the first degree (Penal Law § 160.15 [3]) and menacing in the third degree (Penal Law § 120.15). Defendant argues that he was denied a fair trial because of extraneous information overheard by jurors. We agree.

The testimony at trial established that, on July 24, 1992, an employee at Tops Supermarket in Brighton noticed defendant placing packages of meat into his clothing while looking over his shoulder. Shortly thereafter another employee and an assistant manager confronted defendant at the front of the store. Defendant pulled out a knife and ran out of the store into a waiting automobile. Two Tops employees testified that, when defendant was at the front of the store, they could see the outline of the meat packages through defendant's shirt. One employee testified that defendant's coat was "wide open" and that it was blue. Another employee testified that defendant's jacket was zipped up from the time defendant came out of the aisle until he ran out of the store.

Defendant's sole witness, Julius Moss, testified that he drove defendant to Tops on the night in question and stayed in the car while defendant went into the store. He testified that defendant was wearing a black denim jacket. Moss testified that, when defendant returned to the car, his jacket was closed, there was no meat in defendant's possession and he noticed no bulges under defendant's clothing. On cross-examination the prosecutor repeatedly asked Moss if he had previously stated that defendant was wearing a blue jacket rather than a black jacket. Moss answered that he did not remember telling the prosecutor that defendant wore a blue jacket.

During a recess at trial, two jurors and one alternate juror standing by an elevator overheard Moss tell his personal attorney that he had lied about the color of the jacket. Although the color of the jacket is not dispositive of this case, Moss's

testimony that the jacket was closed, that there were no bulges under defendant's clothing, and that defendant was not in possession of the meat, was crucial to defendant's case. "In order to sustain a conviction for robbery in any degree, it must be shown that, in the course of committing a larceny, defendant used or threatened the immediate use of physical force upon another person for the purpose of either preventing or overcoming resistance to the taking of the property or the retention thereof or for the purpose of compelling the owner to deliver up the property" (*People v Smith*, 166 AD2d 879, 879-880, *lv denied* 77 NY2d 882, 78 NY2d 927; *see*, Penal Law § 160.00). Thus, if the jury had rejected the prosecution's theory that defendant remained in possession of the stolen property (the meat) at the time that he threatened the use of physical force, the jury could not have concluded that his "conscious objective in threatening to use physical force was to prevent or overcome resistance to the retention of the property" (*People v Kellam*, 189 AD2d 1008, 1010, citing *People v Nixon*, 156 AD2d 144, 146, *appeal dismissed* 76 NY2d 870).

In determining whether defendant has been prejudiced by extraneous matters heard by the jury, the court must look to the nature of the matter and its probable effect on a hypothetical average jury (*see, People v Edgerton*, 115 AD2d 257, 258, *lv denied* 67 NY2d 882). Although the court attempted to negate any prejudice by asking the jurors if they could still decide the case based on what they had heard in the courtroom, we conclude that the probability that the verdict would be tainted by what was overheard was overwhelming. We, therefore, reverse the judgment and grant a new trial.

We have reviewed the remaining contentions and conclude that they are without merit. (Appeal from Judgment of Monroe County Court, Connell, J.—Robbery, 1st Degree.) Present— Lawton, J. P., Fallon, Wesley, Callahan and Doerr, JJ.