■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v MARK MILLER, Respondent. [674 NYS2d 4] —Order, Supreme Court, New York County (Carol Berkman, J.), entered on or about November 25, 1996, which reduced the first count of the indictment from attempted robbery in the second degree to attempted petit larceny, unanimously reversed, on the law, and the charge of attempted robbery in the second degree is reinstated.

Defendant was arrested for the attempted robbery of Manuel Cabrera on the subway in the early morning hours of September 23, 1996. The evidence presented to the Grand Jury was that Cabrera was seated next to the train doors, on his way to work, when defendant and several companions entered the subway car. Defendant approached Cabrera, leaned "very close" over him and "check[ed]" Cabrera's pants pockets with both hands, saying something to the effect of "too much money." Cabrera, who understood little English, replied "no money," stood up and tried to walk away. Defendant "trapped" him between the bars on either side of the train doors. Restraining Cabrera in this fashion, defendant shoved him, grabbed his jacket and punched him once in the face, breaking his nose. Defendant then left the car with his companions. The incident was witnessed by Margaret Bishop, who was seated across from Cabrera during the entire incident. Both Cabrera and Bishop testified before the Grand Jury.

Defendant also testified in the Grand Jury and denied that he attempted to take anything from Cabrera. He testified that, upon attempting to retrieve cigarettes that had fallen near Cabrera, the latter provoked him verbally and swung at him; thus, according to defendant, it was only in self-defense that he punched Cabrera in the nose.

The Grand Jury indicted defendant on one count of attempted robbery in the second degree and one count of assault in the third degree. Upon inspection of the Grand Jury minutes, Supreme Court reduced the robbery count to attempted petit larceny, finding that the People had failed to elicit sufficient proof that defendant had used force in connection with the attempt to take property from the complainant.

Penal Law § 160.00 defines robbery as

"forcible stealing. A person forcibly steals property and commits robbery when, in the course of committing a larceny, he uses or threatens the immediate use of physical force upon another person for the purpose of:

"1. Preventing or overcoming resistance to the taking of the property or to the retention thereof immediately after the taking; or

"2. Compelling the owner of such property or another person to deliver up the property or to engage in other conduct which aids in the commission of the larceny."

In reaching its decision in the instant case, the court explained that the People were required to show that defendant's conscious objective in striking Cabrera was "for the purpose of" preventing or overcoming resistance to the attempted taking. The court found no showing that physical force was used for such purpose, concluding that, when viewed in the light most favorable to the People, "the evidence establishes, at best, that defendant struck the complainant either to facilitate his escape from an attempted larceny or to vent his frustration at finding no money."

Upon review of the Grand Jury minutes, we find, to the contrary, that the evidence presented to the Grand Jury was legally sufficient to support the charge of attempted robbery in the second degree. The standard for legal sufficiency of an indictment is whether the proven facts and inferences that flow logically from them, when viewed in the light most favorable to the People and when unexplained and uncontradicted, support every element of the crime charged and would be sufficient to warrant a conviction by a jury (*People v Manini*, 79 NY2d 561, 568-569). At this juncture of the criminal proceeding, the People need not establish defendant's guilt beyond a reasonable doubt, but only the inference that he committed the crime(s) with which he is charged (*People v Deegan*, 69 NY2d 976, 978-979; *see also, People v Jennings*, 69 NY2d 103, 115). Moreover, in reviewing Grand Jury minutes for purposes of this inquiry, the reviewing court may not usurp the Grand Jury's function and substitute its own inferences for those the

Grand Jury has reasonably drawn (*People v Ballou*, 121 AD2d 861, *lv denied* 68 NY2d 809). Thus, that "other, innocent inferences could possibly be drawn from the facts is irrelevant on this pleading stage inquiry, as long as the Grand Jury could have rationally drawn the guilty inference" (*People v Burrell*, 236 AD2d 240, 242; *People v Deegan, supra*, at 979).

We find that the evidence set forth above meets this test. In its written opinion, the court gave short shrift to the actual manner in which events unfolded. According to the court's recitation of the facts, defendant, having failed to find any money on Cabrera, struck him once in the face. In fact, as described above, after checking Cabrera's pockets, and upon Cabrera's attempt to walk away, defendant cornered and physically restrained Cabrera, grabbed his jacket and punched him. This evidence adequately provided the Grand Jury with the basis to infer that Cabrera was struck in order to compel him to "deliver up [his] property" (Penal Law § 160.00 [2]) or to prevent or overcome his resistance (i.e., his attempt to get away) to the attempted taking (Penal Law § 160.00 [1]).

The facts of *People v Nixon* (156 AD2d 144, *appeal dismissed* 76 NY2d 870), cited by the court to support its conclusion that there was insufficient evidence to connect the use of force with the attempted taking, are distinguishable from those before us. In *Nixon*, an appeal from a robbery conviction after trial, it was undisputed that defendant had simply shoplifted some flowers from the complainant's stand, and, after he walked away, the complainant tackled him and a scuffle ensued until an officer interceded. There was no testimony that defendant retained possession of the flowers once he was knocked down by the owner (*compare, People v Thomas*, 226 AD2d 120, *lv denied* 88 NY2d 886). This Court concluded that, on those facts, there was insufficient evidence that defendant used force (in struggling with the owner) in such a way as to transform what clearly began as a larceny into a robbery. Indeed, under those facts, we concluded it was more likely that defendant struggled with the owner in an attempt to get away or in reaction to having been knocked down by him. Neither inference may be reasonably drawn here, where defendant initiated physical contact with Cabrera in the first instance by checking his pockets and then by restraining him.

Rather, the evidence presented to the Grand Jury in the instant case more closely resembles the facts of *People v Stokes* (165 AD2d 763, *lv denied* 76 NY2d 991), where, upon the victim's refusal to turn over his wallet, defendant punched him several times in the face, or *People v Brown* (232 AD2d 325, *lv*

*denied* 89 NY2d 940), where, upon the victim's attempt to flee from an attempt to take his property, defendant and several others restrained and beat him. In both cases, such evidence was sufficient to support a conviction for attempted robbery.

While it will ultimately be left to the province of a petit jury to determine whether each element of the crime charged has been proven beyond a reasonable doubt—including the element of physical force—the evidence presented to the Grand Jury in the instant case was clearly legally sufficient to support the Grand Jury's conclusion that physical force was used to prevent or overcome the victim's resistance or to compel him to give up his property. Thus, it was error to reduce the attempted robbery charge to attempted petit larceny. Concur—Milonas, J. P., Ellerin, Williams and Tom, JJ.