■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JERMAINE BISHOP, Appellant. [712 NYS2d 422] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Rosenzweig, J.), rendered March 3, 1998, convicting him of robbery in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Viewing the evidence in the light most favorable to the prosecution (*see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Based on the evidence, the jury could have properly inferred that a "forcible stealing" took place (*see,* Penal Law § 160.00 [1]; *People v White,* 160 AD2d 970). Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see,* CPL 470.15 [5]).

The Supreme Court correctly denied the defendant's application for a missing witness charge since the defendant failed to adduce prima facie evidence that the missing witness was under the People's control (*see, People v Gonzalez,* 68 NY2d 424).

The prosecutor's summation comments did not constitute reversible error (*see, People v Galloway,* 54 NY2d 396). Santucci, J. P., S. Miller, Florio and McGinity, JJ., concur.