OPINION OF THE COURT
Cheryl E. Chambers, J.
Defendants moved to dismiss counts one and two of the indictment charging them with conspiracy in the first degree. The motions of defendants Brown, Johnson, Raul Chase, Taylor, and Winbush were denied on May 13, 2004. The motions of defendants Ashton, La Rose, Randolph Chase, Rowley, Scantlebury, Sellers, Spencer, and Villalba were denied on May 20, 2004. The motions of defendants Campbell, Cuza, Davis, Dixon, Hicks, Jennings, Knowles, McLeod, and Williams were denied on May 27, 2004. These decisions are amplified in the following decision and order.
Defendants challenge the sufficiency of the evidence presented to the grand jury in support of counts one and two of the indictment, charging them with conspiracy in the first degree (Penal Law § 105.17) on the ground that the evidence fails to establish that the defendants agreed with one or more persons under the age of 16 that such person or persons under the age of 16 engage in, or cause the performance of, conduct constituting a class A felony. The People do not contest defendants’ allegation, but, rather, argue that evidence that the conspirators agreed that a conspirator or conspirators under the age of 16 commit the object crime of the conspiracy is not required in order to establish a violation of section 105.17.
Defendants rely on People v Austin (Sup Ct, Kings County, Nov. 5, 2003, Gerges, J., Indictment No. 121/03) in support of their interpretation of the statute. This court respectfully disagrees with Justice Gerges’ reasoning, and holds that a violation of section 105.17 may be established without proof that the conspirators agreed that the object crime of the conspiracy be performed by a conspirator under the age of 16.
Construction of Penal Law § 105.17
“The governing rule of statutory construction is that courts are obliged to interpret a statute to effectuate the intent of the *235 Legislature, and when the statutory language is clear and unambiguous, it should be construed so as to give effect to the plain meaning of [the] words used” (People v Finnegan, 85 NY2d 53, 58 [1995] [internal quotation marks and citations omitted]). “As a general rule, unambiguous language of a statute is alone determinative” (Riley v County of Broome, 95 NY2d 455, 463 [2000] [citation omitted]). If the words chosen have a “ ‘definite meaning, which involves no absurdity or contradiction, [then] there is no room for construction and courts have no right to add to or take away from that meaning’ ” (Majewski v Broadalbin-Perth Cent. School Dist., 91 NY2d 577, 583 [1998], quoting Tompkins v Hunter, 149 NY 117, 122-123 [1896]). “Where a statute describes the particular situations in which it is to apply and no qualifying exception is added, an irrefutable inference must be drawn that what is omitted or not included was intended to be omitted or excluded” (People v Jackson, 87 NY2d 782, 788 [1996] [citations and internal quotation marks omitted]).
Penal Law § 105.17 provides that
“[a] person is guilty of conspiracy in the first degree when, with intent that conduct constituting a class A felony be performed, he, being over eighteen years of age, agrees with one or more persons under sixteen years of age to engage in or cause the performance of such conduct.”
No word or phrase in the statute restricts the application or reference of “to engage in or cause the performance of such conduct” to “one or more persons under sixteen years of age.”
If the Legislature had intended to restrict the applicability of section 105.17 to agreements contemplating specified actions by the person under 16 years of age “it easily could have and surely would have written the statute to say so” (Matter of Theroux v Reilly, 1 NY3d 232, 240 [2003]), for example, by writing “agrees with one or more persons under sixteen years of age that one or more persons under sixteen years of age will engage in or cause the performance of such conduct,” or words to similar effect. In enacting the facilitation in the first degree and solicitation in the first degree statutes, at the same time as the conspiracy in the first degree statute, the Legislature did just that — limiting first degree facilitation to cases where the adult believes it probable that he is rendering aid to “a person under sixteen years of age who intends to engage in conduct that would constitute a class A felony” (Penal Law § 115.08), and first degree solicita *236 tion to cases where the adult acts with intent that “another person under sixteen years of age engage in conduct that would constitute a class A felony” (Penal Law § 100.13; see L 1978, ch 422). The Legislature chose not to so limit the application of the conspiracy in the first degree statute.
The legislative intent is also evidenced by the overall structure of the conspiracy laws (see, McKinney’s Cons Laws of NY, Book 1, Statutes § 221 [b]; People v Ryan, 82 NY2d 497 [1993]). Penal Law article 105, conspiracy, contains six degrees, ranging from conspiracy in the sixth degree, a class B misdemeanor, up through conspiracy in the first degree, a class A-I felony. The basic offense is defined in section 105.00, conspiracy in the sixth degree: “[a] person is guilty of conspiracy in the sixth degree when, with intent that conduct constituting a crime be performed, he agrees with one or more persons to engage in or cause the performance of such conduct.” The higher degrees are distinguished solely by the aggravating factors of the seriousness of the object crime and the ages of the conspirators.
Defendants’ reasoning would thus, necessarily, apply to other degrees of conspiracy defined in part by the ages of the conspirators, i.e., conspiracy in the third, fourth and fifth degrees. The courts have not, however, construed those statutes in the manner defendants suggest. Moreover, it seems evident that the text of section 105.17 does not indicate any legislative intent to radically distinguish the type of agreement criminalized from those criminalized by the statutes defining the other degrees of conspiracy.
Inasmuch as the legislative intent is apparent from the language of section 105.17, it would be “inappropriate” to consider the legislative history (People v Cypress Hills Cemetery, 208 AD2d 247, 251 [2d Dept 1995]; People v Tatta, 196 AD2d 328, 331 [2d Dept 1994]). While the legislative history cited by defendants could be read in support of their position, it can also be read in support of the People’s position. It is the legislative history, and not the language of the statute, that may be ambiguous, and therefore the clear and unambiguous language of the statute will be followed.
Legal Sufficiency of the Evidence
On a motion to dismiss the indictment, “[t]he reviewing court must consider whether the evidence, viewed most favorably to the People, if unexplained and uncontradicted — and deferring all questions as to the weight or quality of the evidence — would *237 warrant conviction” (People v Swamp, 84 NY2d 725, 730 [1995] [citations omitted]). The court “may not usurp the Grand Jury’s function and substitute its own inferences for those the Grand Jury has reasonably drawn” (People v Miller, 250 AD2d 357, 358-359 [1st Dept 1998] [citation omitted]); that other inferences could have been drawn is irrelevant at this stage (People v Deegan, 69 NY2d 976 [1987]).
When reviewed under the applicable standard, the evidence presented to the grand jury is legally sufficient to establish each of the offenses charged. The District Attorney properly charged the grand jury with respect to the applicable law.