█ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v THOMAS C. STONE, Appellant. [844 NYS2d 813]—

Appeal from a judgment of the Monroe County Court (Richard A. Keenan, J.), rendered July 28, 2004. The judgment convicted defendant, upon a jury verdict, of robbery in the third degree and petit larceny.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him upon a jury verdict of, inter alia, robbery in the third degree

(Penal Law § 160.05), defendant contends that the verdict is against the weight of the evidence with respect to the robbery count because he did not use force to prevent or overcome resistance to the taking of stolen property but, rather, he used force to escape from the store security personnel prior to the arrival of the police. He further contends that the verdict is against the weight of the evidence because his use of force did not immediately follow the taking of the stolen property. Contrary to defendant's contention, the verdict is not against the weight of the evidence (*see generally People v Bleakley*, 69 NY2d 490, 495 [1987]). The People presented evidence establishing that defendant was stopped by store security personnel as he attempted to leave a drugstore with stolen merchandise. He was taken to the store's break room and asked to produce the stolen merchandise from his pockets. When defendant refused to do so and threatened the use of force, the police were called. Defendant then used force to escape from the store with some of the merchandise in his pockets. Although there was a gap in time between defendant's taking of the merchandise and defendant's use of force, defendant did not relinquish the merchandise prior to fleeing the store (*cf. People v Kellam*, 189 AD2d 1008, 1009 [1993]). " 'Given that defendant was in possession of the stolen property while he was engaged in such use of force, the jury was entitled to infer that his purpose in using force was to retain control of the stolen property, not merely to escape' " (*People v Jones*, 4 AD3d 622, 623-624 [2004], *lv denied* 2 NY3d 801 [2004]). We have examined defendant's remaining contention and conclude that it is lacking in merit. Present—Hurlbutt, J.P., Martoche, Smith, Lunn and Peradotto, JJ.