Malone Jr., J.
On this appeal, defendant first contends that her robbery convictions are not supported by legally sufficient evidence. We agree. Robbery in the first degree and robbery in the second degree, as charged in counts 1, 2 and 6 of the indictment, require the People to prove that a defendant “forcibly [stole] property” (Penal Law §§ 160.15 [3]; 160.10 [1], [2] [a]). As relevant here, forcible stealing is defined as using or threatening to use “physical force upon another person for the purpose of. . . [p] reventing or overcoming resistance to the taking of the property or to the retention thereof immediately after the taking” (Penal Law § 160.00 [1]; see People v Kellam, 189 AD2d 1008, 1009 [1993]). “[F]orce merely used to escape will not support a robbery” (People v Bynum, 68 AD3d 1348, 1349 [2009], lv denied 14 NY3d 798 [2010]). Where a defendant is found to be in possession of stolen property, a jury may infer that he or she threatened or used force to prevent or overcome resistance to its taking or retention (see id.; People v Jones, 4 AD3d 622, 623-624 [2004], lv denied 2 NY3d 801 [2004]); however, when such evidence is lacking, “it is impossible to conclude beyond a reasonable doubt that defendant’s conscious objective in threatening to use physical force was to prevent or overcome resistance to the retention of the property” (People v Kellam, 189 AD2d at 1010; see People v Miller, 217 AD2d 970, 970 [1995]; People v Nixon, 156 AD2d 144, 146 [1989], appeal dismissed 76 NY2d 870 [1990]).
Here, it is undisputed that no stolen property was found in the possession of defendant or either of her accomplices. Therefore, even viewing the evidence in the light most favorable to the People (see People v Bleakley, 69 NY2d 490, 494 [1987]; *1160 People v Bynum, 68 AD3d at 1349), we cannot conclude that the evidence is legally sufficient to support the robbery convictions (see People v Kellam, 189 AD2d at 1010). However, because the evidence establishes that defendant, while still in the store, removed and discarded the cardboard backing from several pairs of earrings, we find it sufficient to support the lesser included offense of petit larceny (see Penal Law § 155.25), and we exercise our discretion to reduce defendant’s robbery convictions accordingly (see CPL 470.15 [2] [a]; 470.20 [4]).
Defendant’s assault conviction is supported by legally sufficient evidence and is not against the weight of the evidence (see People v Bleakley, 69 NY2d at 495). The testimony of several witnesses indicates that, while driving away from the scene, defendant deliberately swerved her car toward the individual who was attempting to stop her, hitting him and causing injuries (see Penal Law § 120.05 [2]; People v Stewart, 68 AD3d 1438, 1439 [2009], lv denied 14 NY3d 773 [2010]).* In addition to supporting her assault conviction, this evidence, in conjunction with the other evidence discussed above, fully justifies Supreme Court’s cautionary instruction informing the jury that defendant’s flight could be considered as evidence of consciousness of guilt (see People v Di Bella, 277 AD2d 699, 702 [2000], lv denied 96 NY2d 758 [2001]; People v Cunningham, 222 AD2d 727, 730 [1995], lv denied 87 NY2d 1018 [1996]).
Defendant’s argument that Supreme Court erred in permitting the jury to view unredacted security video was not preserved by a timely objection at trial. In any event, the court’s limiting instruction mitigated any prejudice to defendant, and we do not agree with her claim that counsel’s failure to object deprived her of meaningful representation (see People v Caban, 5 NY3d 143, 152 [2005]; People v Cecunjanin, 67 AD3d 1072, 1078 [2009], mod on other grounds 16 NY3d 488 [2011]; People v Prue, 26 AD3d 671, 671-672 [2006], lv denied 7 NY3d 816 [2006]).
Finally, we find no error in Supreme Court’s denial, without a hearing, of defendant’s CPL 330.30 motion, which was based upon a postverdict hearsay letter addressed to the court by one of the jurors. The letter failed to allege that the jury’s deliberative process was affected by an outside or improper influence, nor was the alleged impropriety sufficiently prejudicial as to require a new trial (see People v Irizarry, 83 NY2d 557, 561 [1994]; People v De Lucia, 15 NY2d 294, 296 [1965], cert denied 382 US 821 [1965]; People v Camacho, 293 AD2d 876, 876-877 [2002], lv denied 98 NY2d 729 [2002]).
*1161 Mercure, J.P., Kavanagh, Stein and Garry, JJ., concur. Ordered that the judgment is modified, on the law, by reducing defendant’s convictions for robbery in the first degree and robbery in the second degree under counts 1, 2 and 6 of the indictment to petit larceny; matter remitted to the Supreme Court for resentencing; and, as so modified, affirmed.

 Defendant concedes that the victim sustained a physical injury and that the vehicle driven by defendant constitutes a dangerous instrument.