# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

557

KA 12-01763

PRESENT: SMITH, J.P., PERADOTTO, SCONIERS, WHALEN, AND DEJOSEPH, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                    MEMORANDUM AND ORDER

DARREN SULLIVAN, DEFENDANT-APPELLANT.

---

LEANNE LAPP, PUBLIC DEFENDER, CANANDAIGUA (MARK C. DAVISON OF COUNSEL), FOR DEFENDANT-APPELLANT.

R. MICHAEL TANTILLO, DISTRICT ATTORNEY, CANANDAIGUA (JAMES B. RITTS OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Ontario County Court (William F. Kocher, J.), rendered March 29, 2012. The judgment convicted defendant, upon a jury verdict, of robbery in the third degree and petit larceny.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of robbery in the third degree (Penal Law § 160.05) and petit larceny (§ 155.25). Defendant contends that the evidence established that he used force to escape from store security personnel rather than for the purpose of retaining stolen property, and thus the evidence is legally insufficient to support his robbery conviction. We reject that contention. The People presented evidence establishing that defendant took items into a fitting room and left the store without paying for any merchandise, holding a bag that appeared larger than it appeared when he had entered the store. When confronted by store security personnel, defendant threatened the use of force and escaped from the mall. Viewing the evidence in the light most favorable to the People, we conclude that "permissible inferences could lead a rational person to the conclusion reached by the jury that defendant used force or at least the threat of force in order to retain control of the [property,] thus satisfying the proof and burden requirements for robbery in the third degree" (*People v Bynum*, 68 AD3d 1348, 1349, *lv denied* 14 NY3d 798; *see People v Gordon*, ___ NY3d ___, ___ [June 12, 2014]).

We further reject defendant's contention that the verdict is against the weight of the evidence. "Given that defendant was in possession of the stolen property while he was engaged in such use of force, the jury was entitled to infer that his purpose in using force

was to retain control of the stolen property, not merely to escape" (*People v Stone*, 45 AD3d 1270, 1271, *lv denied* 9 NY3d 1039 [internal quotation marks omitted]).  Thus, viewing the evidence in light of the elements of the crime as charged to the jury (*see People v Danielson,* 9 NY3d 342, 349), we conclude that the verdict is not against the weight of the evidence (*see generally People v Bleakley*, 69 NY2d 490, 495).

Contrary to defendant's contention, " '[t]he evidence presented at trial . . . consisted of both circumstantial and direct evidence, and thus a circumstantial evidence charge was not required' " (*People v Smith*, 90 AD3d 1565, 1566, *lv denied* 18 NY3d 998; *see People v Daddona*, 81 NY2d 990, 992; *People v Stanford*, 87 AD3d 1367, 1369, *lv denied* 18 NY3d 886).

Contrary to defendant's further contention, the prosecutor did not suggest on summation that defendant had the burden of proof but, even assuming, arguendo, that the prosecutor did so, we conclude that the comment at issue "w[as] not so . . . egregious as to deny defendant a fair trial" (*People v Rogers*, 103 AD3d 1150, 1153-1154, *lv denied* 21 NY3d 946).  Indeed, we note in particular that "the court clearly and unequivocally instructed the jury that the burden of proof on all issues remained with the prosecution" (*People v Pepe*, 259 AD2d 949, 950, *lv denied* 93 NY2d 1024; *see People v Page*, 105 AD3d 1380, 1382).  Defendant failed to preserve for our review the remainder of his contention concerning alleged prosecutorial misconduct inasmuch as he failed to object to the alleged additional instances of misconduct (*see* CPL 470.05 [2]; *People v Lane*, 106 AD3d 1478, 1480, *lv denied* 21 NY3d 1043) and, in any event, we conclude that "[a]ny improprieties were not so pervasive or egregious as to deprive defendant of a fair trial" (*People v Jackson*, 108 AD3d 1079, 1080, *lv denied* 22 NY3d 997 [internal quotation marks omitted]).

Finally, defendant's sentence is not unduly harsh or severe.

Entered:  July 3, 2014                        Frances E. Cafarell
                                              Clerk of the Court