■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT ORTIZ, Appellant.—Judgment of the Supreme Court, New York County (James Leff, J., at suppression hearing, jury trial, and sentence), rendered August 27, 1986, convicting defendant of robbery in the first degree and robbery in the second degree and sentencing defendant to concurrent terms of 2⅓ to 7 years and 2 to 6 years, respectively, unanimously affirmed.

Defendant was convicted for his participation in a gang mugging in Washington Heights in which defendant and five others, brandishing pipes, sticks, and other weapons, robbed a solitary pedestrian. A patrol officer immediately apprehended two of the perpetrators; an investigation led to the arrest of defendant and two other perpetrators. After his arrest, defendant made inculpatory statements, and was positively identified by the victim in a lineup.

We have already affirmed the conviction of codefendant Abreu (143 AD2d 545, *lv denied* 73 NY2d 852).

Defendant's challenge to the prosecutor's cross-examination of defendant is unpreserved as a matter of law. Defendant either failed to object *(see, People v Williams,* 70 NY2d 946) or failed to join in codefendant's objections *(see, People v Buckley,* 75 NY2d 843). When the court sustained codefendant's objections, neither defendant nor codefendant requested curative instructions or moved for a mistrial. Defendant cannot now request reversal on this basis *(People v Medina,* 53 NY2d 951). There is no reason to review in the interest of justice. If we were to review, while we would note the impropriety of cross-

examination which seeks to elicit from defendant a statement that the People's witnesses are lying *(see, People v Galloway, 54 NY2d 396, 400; People v Williams, 112 AD2d 177, 179; People v Rodriguez, 62 AD2d 929)*, we also note that the prosecutor here framed the question as to whether witnesses were incorrect. While the Fourth Department has considered any such distinction to be merely semantic *(see, People v Gibeau, 148 AD2d 923; People v Balkum, 94 AD2d 933)*, we would not have considered these questions to have required reversal. Defendant has also failed to preserve his challenges to the prosecutor's summation as a matter of law, and we similarly decline to address these issues.

On the basis of the hearing record *(see, People v Giles, 73 NY2d 666, 671-672)*, defendant has not demonstrated that the lineup was unduly suggestive or improperly carried out *(People v Chipp, 75 NY2d 327)*. We note that defendant interjected an issue *at trial* that his haircut was significantly different from that of the other participants of the lineup. However, we do not disturb the determination of the hearing court *(see, People v Prochilo, 41 NY2d 759, 761)*. We also note that the evidence *at trial* established that defendant had not had this distinctive haircut at the time of the robbery. Nor do we find any infirmity in the in-court identification.

Appellate counsel's attempt to create a claim that a prosecution witness improperly testified as to an uncharged, unrelated mugging is incorrect. Although on cross-examination that witness changed the date, on redirect it became apparent that the witness was very confused. It was the jury's function to evaluate these contradictions and judge the weight of the evidence *(People v Mosley, 112 AD2d 812, affd 67 NY2d 985)*. We do not find that there was sufficient indication that the witness, a friend of the defendant who was subpoenaed to appear at trial, was testifying to an unrelated mugging so as to require a conclusion that the trial court abused its discretion.

Finally, defendant failed to challenge the effectiveness of his trial representation in a postjudgment motion. We note the presumption that counsel acted with competence *(People v De La Hoz, 131 AD2d 154, lv dismissed 70 NY2d 1005)*. Concur—Kupferman, J. P., Ellerin, Wallach, Smith and Rubin, JJ.