■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LIBRADO VENTURA, Appellant.—Judgment, Supreme Court, New York County (John A.K. Bradley, J.), rendered July 16, 1986, convicting defendant after a jury trial of murder in the second degree and criminal possession of a weapon in the second and third degrees, and sentencing him to concurrent, indeterminate terms of imprisonment of twenty years to life, four to twelve years, and one and one-third to four years, respectively, unanimously affirmed.

Hermes Suri testified that defendant shot Valentin Reyes to

death. The shooting occurred at 3:40 A.M. on October 9, 1984. Suri came forward on November 19, 1985. Suri testified that he took a cab from the Bronx home of a friend to the La Rocca bar located at 163rd Street and Amsterdam Avenue at 3:00 A.M. on the morning of the shooting. Discovering that the bar was closed, Suri headed home on foot. As he crossed 163rd Street and Broadway, he heard a shot and saw Reyes falling to the ground. Defendant, who was standing with a gun, then fired another round at Reyes' head at close range. The police received the first 911 call about the shooting at 3:53 A.M., and at 3:56 A.M. Officer Flanagan arrived on the scene. Reyes was taken from the scene by ambulance and died two days later. Stippling in one of the two wounds indicated that Reyes had been shot from within three feet.

Thirteen months later Officer McNamee was directed to a building on 162nd Street where the glass front doors had been smashed. In short order McNamee saw that defendant's right hand was bleeding profusely, and defendant was taken into custody. Suri saw defendant led away and, suspecting that defendant had killed someone else, called the police from a payphone. Some time later, at the 34th precinct Suri identified a picture of Reyes and then identified defendant at a showup through a one-way mirror.

Suri testified that he was acquainted with defendant. He had often seen defendant, who lived in the neighborhood, on the corner where the shooting occurred.

The defense established that four discharged shells and one spent bullet were recovered by the police. All the shells were .38 caliber and had been fired from the same gun. The deformed bullet had a full metal jacket. The fragments in Reyes' body were from a "hollow point" jacket.

Defendant argues on appeal that Suri was not a credible witness because he did not report the incident for over a year, and gave confused or inaccurate testimony about the details of the incident. However, bearing in mind that credibility is generally a matter to be determined by the trier of facts (People v Parks, 41 NY2d 36, 47), it cannot be said that the verdict is against the weight of the evidence. Reviewing the evidence in the light most favorable to the People (People v Kennedy, 47 NY2d 196), and according great deference to the jury's opportunity to observe the demeanor of Suri (People v Bleakley, 69 NY2d 490, 495), there is no basis upon which to find that Suri's testimony did not satisfactorily establish defendant's identification as the killer of Reyes. Before the

shooting occurred Suri was familiar with defendant, and Suri's opportunity to see the shooting was clear. Further, Suri's initial decision not to report the shooting is not contrary to experience. It certainly did not mean that Suri was incredible. His claim that he saw defendant shoot Reyes at close range with a big weapon was corroborated by the presence of stippling.

Suri's uncertainty about the time of the shooting, the inconsistencies between Suri's trial testimony and his previous accounts of the shooting, and defendant's ballistics evidence were matters for the jury to evaluate, and it does not appear that the jury failed to give any of this evidence the weight it should have been accorded. *(People v Bleakley, supra.)* Significantly, the ballistics evidence presented by the defense was not tied to the shooting in any meaningful way, and even if it can be viewed as suggesting that the shooting started inside a nearby building it did not serve to discredit Suri's claim that he saw defendant fire into Reyes' head at close range as Reyes lay on the street.

Defendant also argues that a reversal is warranted by prosecutorial misconduct in summation. The prosecutor's summation was not prejudicially inflammatory. In responding to counsel, the prosecutor made the reasonable argument that the jury should not accept counsel's attack on Suri's credibility. The prosecutor asked the jury to find that defendant's ballistics evidence was irrelevant and that the exact location of the shooting was not really in dispute. The validity of these arguments is founded on the rule that a prosecutor in summation may respond to defense counsel's summation arguments *(People v Ortiz,* 116 AD2d 531). The jury could find that defendant's ballistics evidence was not connected with the shooting, and Suri and the first officer on the scene gave consistent testimony about where Reyes was found on the street. Defense counsel could properly ask the jury to find significance in the inconsistent testimony about where Reyes had been found prostrate in the street. We do not find that the prosecutor improperly attacked defense counsel when he made the argument that introduction of the ballistics evidence was irresponsible. The prosecutor was making the point, albeit with strong words, that he could not tie the ballistics evidence to the shooting. Concur—Sullivan, J. P., Carro, Ellerin, Wallach and Ross, JJ.