■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LARRY BROWN, Appellant.—Judgment, Supreme Court, New

York County (Thomas Galligan, J.), rendered March 14, 1990, convicting defendant after a jury trial of robbery in the second degree, for which he was sentenced as a second violent felony offender to 4 to 8 years, unanimously affirmed.

Defendant mugged the 68 year old victim in the Times Square area. He was pursued by two bystanders, and was immediately apprehended by police. The victim promptly identified defendant. During the mugging, the victim was knocked to the ground, and received injuries to his leg and arm, resulting in bleeding from the leg. The bruises turned color two days later, and the victim testified to major pain for the next 4 to 6 weeks, and stated he still endured pain about five months after the incident, requiring his consumption of some 500 Advil capsules. At time of trial, the victim still had difficulty walking. Viewing the evidence in a light most favorable to the People *(People v Contes,* 60 NY2d 620), defendant's guilt was proved beyond a reasonable doubt. Further, the victim's testimony established the requisite physical injury required under the pertinent robbery statute (Penal Law § 160.10 [2] [a]; § 10.00 [9]). The victim's injuries in the present case established either criterion for physical injury, i.e., substantial pain or impairment of physical condition *(see, e.g., People v Tellis,* 156 AD2d 260, *lv denied* 76 NY2d 743). This showing is not defeated by the victim's failure to seek medical help *(see, People v Greene,* 70 NY2d 860) or the absence of medical evidence *(see, People v Tejeda,* 165 AD2d 683, *lv granted* 77 NY2d 883).

With respect to the grand jury instructions, while we note that circumstances might require the District Attorney to reinstruct the grand jury on the pertinent elements of the crime on a case-by-case basis, under the circumstances of the present case, the District Attorney's reliance on instructions, given earlier in the day to the same grand jury, with respect to the elements of the crime charged, does not require dismissal of the indictment.

Finally, we do not interpret the phrasing by the District Attorney that the grand jury "vote one or the other", as meaning that the grand jury was to vote an indictment on one charge or another, rather, it is clear from the context of these instructions that the District Attorney was saying that the grand jury could choose to indict or not, as the case may be. Concur—Rosenberger, J. P., Ellerin, Wallach, Kassal and Rubin, JJ.