■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LEON GRANVY, Appellant.—Judgment, Supreme Court, New York County (Dorothy Cropper, J., at suppression hearing; Ira Beal, J., at trial), rendered March 13, 1990, convicting defendant of robbery in the first degree and assault in the third degree, and sentencing him to concurrent terms of imprisonment of from 4 to 12 years and one year, respectively, unanimously affirmed.

Defendant was apprehended after robbing a victim in a subway station. During the ensuing struggle, defendant held a sharp, shiny object to the victim's throat, causing a four-inch cut from the ear to under the mouth. Defendant took cash from the victim's pocket, but eventually dropped the money during the struggle.

Defendant, by his own admission, beat the victim. The victim hailed a police officer, identified defendant as his assailant, and defendant immediately fled. He was apprehended hiding in a store moments later. Although the victim could not identify defendant at trial, the police officer did.

Defendant, testifying in his own behalf, contended that the victim actually had instigated a shouting match which got

physical. Defendant ran only while his alleged antagonist hailed a police officer, who pulled a gun.

Identification was not a material issue in this case. Defendant's own testimony placed him at the scene, involved in an altercation with the victim. This testimony cured any deficiency in the People's identification evidence *(People v Goldstein,* 120 AD2d 471, 472-473). We note that defendant failed to object at trial to the People's identification evidence on the basis that they purportedly failed to comply with CPL 60.25, thereby waiving any such claim for review *(People v Jamerson,* 68 NY2d 984, 986). We find no reason to review in the interest of justice.

The People's evidence established the requisite physical injury under Penal Law § 10.00 (9). Testimony by the victim and police established more than mere subjective expressions of pain *(see generally, Matter of Philip A.,* 49 NY2d 198). Here, the victim testified to his extensive period of pain, resulting both from the cut to the throat, as well as injuries to his arm and elbow, which was corroborated by police officer observations that the victim was bleeding badly, and had bloodied his shirt. Nor is the absence of extensive medical treatment dispositive *(People v Brown,* 176 AD2d 155; *People v Pope,* 174 AD2d 319 [1st Dept 1991]). We find no basis to disturb the jury's findings.

Defendant failed to preserve any challenge to the introduction into evidence of two jagged pieces of plastic recovered from him when he was arrested (CPL 470.05 [2]; *see generally, People v Osuna,* 65 NY2d 822, 824). We find no basis to review in the interest of justice. This evidence meets the general test that it be sufficiently connected with defendant to be relevant to an issue in the case *(People v Mirenda,* 23 NY2d 439, 453; *People v Connelly,* 35 NY2d 171, 174).

Since defendant took possession of the victim's money, regardless of how long he possessed it *(see, People v Smith,* 140 AD2d 259, 260-261), there was no reasonable view of the evidence (CPL 300.50 [1]; *People v Glover,* 57 NY2d 61) that defendant only attempted the robbery. As such, the court did not err by denying defendant's request to submit attempted robbery as a lesser-included offense. Concur—Carro, J. P., Rosenberger, Kupferman, Kassal and Smith, JJ.