■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALLEN ROBERTSON, Appellant. [597 NYS2d 12] —Judgment, Supreme Court, New York County (Budd Goodman, J., and a jury), rendered May 3, 1991, convicting defendant of criminal sale of a controlled substance in the third degree, and sentencing him to a term of 4½ to 9 years imprisonment, unanimously affirmed.

Defendant and co-defendant were arrested after a "buy and bust" operation, and were jointly tried and convicted. Defendant testified at trial, denying the commission of the crime, and claiming to be a crack addict who raised money to purchase drugs by collecting the deposits on cans which he found in the street. In summation, his counsel maintained that the undercover officer was "frustrated" and "pressured", had developed an "us against them" attitude, merely wanted to get "those people" off the streets, and that it was "less and less important [to the police] how that's done", as she had convinced herself that she was "good enough to be the judge and jury."

In view of the foregoing, it was altogether proper for the prosecutor to comment in summation that the jury should not be "distracted" by "non-issues" raised by the defense, to state that the undercover officer had no motive to lie, and to make the other comments now complained of, all of which were responsive to the defense summation. *(People v Ventura,* 171 AD2d 553, 555, *lv denied* 77 NY2d 1002.) While it was error to attempt to compel defendant to characterize the officer as a "liar" during cross-examination *(see, People v Ortiz,* 165 AD2d 766, 767, *lv denied* 77 NY2d 998), the objection was sustained and an appropriate instruction issued, which averted any prejudice to defendant. Concur—Milonas, J. P., Ellerin, Asch, Kassal and Rubin, JJ.