■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DARRYL HARRIS, Appellant. [603 NYS2d 158] —Judgment, Supreme Court, New York County (Patricia Williams, J., at suppression hearings; Jerome Hornblass, J., at trial and sentence), rendered December 11, 1991, convicting defendant, after a jury trial, of burglary in the first degree and two counts of robbery in the second degree, and sentencing him, as a second violent felony offender, to concurrent terms of 7½ to 15 years, 4 to 8 years, and 4 to 8 years, respectively, unanimously affirmed. Leave to appeal the order of said court and Justice entered on or about August 9, 1993, which denied defendant's CPL 440.10 motion, is granted by Justice Rubin, and said order is unanimously affirmed.

Viewing the evidence in a light most favorable to the prosecution and giving it the benefit of every reasonable inference *(People v Malizia,* 62 NY2d 755, *cert denied* 469 US 932), we find that the evidence, which included the testimony of three witnesses, two who had known defendant since his childhood, and one the victim herself, who had known him for at least 8 years and had twice identified him by name in police reports, was sufficient as a matter of law to support a finding that it was defendant who burglarized and twice robbed the victim on the day in question. There was, also, ample evidence for the jury to find that defendant caused the victim "physical injury" as defined in Penal Law § 10.00 (9) *(see, Matter of Philip A.,* 49 NY2d 198 [1980]), in the course of each robbery, namely, the victim's testimony that she suffered black and purple bruising and large swelling in her face, the dislodging of a permanent contact lens from her eye, and pain in her ribs and nose that lasted more than one week, as well as the testimony of the police and EMS witnesses corroborating the injuries to the victim's face.

Defendant received the effective assistance of counsel who

aggressively pursued pretrial motions, gave an opening statement, cross-examined witnesses, made objections and motions, and gave a comprehensive summation that tied together his defense strategies and sought to discredit the testimony of the People's witnesses. Defendant's claim in his CPL 440.10 motion that he was improperly denied *Rosario* material is based on pure speculation.

We have considered defendant's remaining claims and find them to be without merit. Concur—Sullivan, J. P., Ross, Kassal, Rubin and Nardelli, JJ.