■ MARK ABEND et al., Respondents, v ARGO CORPORATION, Appellant. [617 NYS2d 726] —Order, Supreme Court, New York County (Carol Arber, J.), entered June 29, 1993, which granted plaintiffs' motion for an order amending, nunc pro tunc, a judgment of the same court entered September 15, 1992, pursuant to Rent Stabilization Code (9 NYCRR) § 2526.1 (e), to add interest due under CPLR 5002, increasing the amount from $10,615.91 to $17,901.07, and denied defendant's cross motion to vacate that judgment, unanimously affirmed, without costs.

The IAS Court correctly concluded that interest is available for the period from the overcharge administrative determination to the entry of judgment on the Division of Housing and Community Renewal (DHCR) order. CPLR 5002 provides for interest "from the date the * * * decision was made to the date of entry of final judgment". Rent Stabilization Code § 2526.1 (e) provides that a judgment on an unpaid DHCR overcharge order "may be entered, filed and enforced by a tenant in the same manner as a judgment of the Supreme Court". Such "manner" includes prejudgment interest equivalent to that authorized by CPLR 5002 *(see, e.g., Matter of State Div. of Human Rights v Gissha White Plains Corp.,* 107 AD2d 750).

We have considered the defendant's remaining arguments, and find them to be without merit. Concur—Sullivan, J. P., Ross, Asch and Rubin, JJ.