■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LEON DeCHAMPS, Appellant. [631 NYS2d 641] —Judgment, Supreme Court, New York County (Mary McGowan Davis, J.), rendered July 15, 1992, convicting defendant, after a jury trial, of robbery in the second and third degrees, and sentencing him to concurrent terms of 12 years to life and 3 to 6 years, respectively, and order, same court and Justice, entered April 22, 1993, denying defendant's motion to vacate that judgment pursuant to CPL article 440, unanimously affirmed.

Contrary to defendant's pro se argument, the complainants' line-up and in-court identifications were properly admitted. The evidence at the Wade hearing established that the pretrial identification procedures were not suggestive.

Defendant's guilt of the two robberies was established beyond a reasonable doubt based upon legally sufficient evidence proving his identity as the perpetrator of each crime (People v Mosley, 112 AD2d 812, affd 67 NY2d 985). In addition, contrary to defendant's argument, the People proved the element of "physical injury" in second degree robbery by the testimony of the victim that defendant punched her in the face, causing the lenses of her sunglasses to shatter, piercing her face and causing excruciating pain for several days (see, People v Granvy,

182 AD2d 540, 541, *lv denied* 80 NY2d 904). The fact that the witness did not seek medical treatment is not dispositive (*supra*).

Defendant was not deprived of the effective assistance of counsel by trial counsel's failure to seek a separate trial for each robbery charge. Defendant has failed to establish a colorable basis for severance, nor has he demonstrated that trial counsel lacked a strategic reason for failing to seek a severance (*People v Baldi*, 54 NY2d 137). Furthermore, counsel was not ineffective in failing to discover or introduce a prejudicial prison record that might have demonstrated that defendant had tattoos on his arm at the time of the robberies.

Defendant's *pro se* argument that he was deprived of a fair trial as a result of the prosecutor's improper summation and other alleged improper conduct during trial is unpreserved and we decline to review in the interest of justice (CPL 470.05 [2]). Were we to review, we would find that contrary to defendant's appellate arguments, the prosecutor neither vouched for his witnesses, gave unsworn testimony, denigrated defense counsel, misrepresented the evidence, nor appealed to the jury's prejudices.

The sentence imposed was warranted in light of defendant's extensive criminal record, including two prior robberies.

Motion *pro se* for reargument deemed to be a motion for clarification, and the motion is granted to the extent of recalling and vacating this Court's unpublished decision and order (Appeal No. 55192-55193) entered on June 15, 1995 and substituting a new decision and order decided simultaneously herewith. Concur—Rosenberger, J. P., Wallach, Rubin and Mazzarelli, JJ.