■ PATRICIA DAVIS, Respondent, v WAIDMANN REALTY CORP., Appellant. [637 NYS2d 14] —Order, Supreme Court, New York County (Joan Lobis, J.), entered August 12, 1994, which granted renewal of plaintiff's prior motion for amendment of a judgment to include interest, and, on renewal, granted the motion, and directed the County Clerk to change the judgment to add interest for the period from the date the order was issued by the Division of Housing and Community Renewal until the final judgment was docketed, unanimously affirmed, without costs.

The judgment was properly amended (see, Kiker v Nassau County, 85 NY2d 879). While defendant contends that CPLR 5002 does not permit pre-judgment interest on an amount awarded pursuant to an order of the Division of Housing and Community Renewal, this Court has already ruled to the contrary (Abend v Argo Corp., 208 AD2d 476, lv denied 85 NY2d 882). We have considered defendant's remaining arguments, and find them to be without merit. Concur—Ellerin, J. P., Kupferman, Ross, Williams and Tom, JJ.

■ In the Matter of DOMINICK V., a Person Alleged to be a Juvenile Delinquent, Appellant. [637 NYS2d 73] —Order of disposition, Family Court, New York County (Sheldon Rand, J.), entered June 28, 1994, which adjudicated respondent a juvenile delinquent and placed him on probation for two years, following a fact-finding determination that he committed an act which, if committed by an adult, would constitute the crime of assault in the third degree, unanimously affirmed, without costs.

Ample evidence supports the finding that respondent caused the victim "physical injury" (Penal Law § 10.00 [9]). The victim testified that, as a result of the attack, he sustained bruises to his face, head and both knees, and soreness to his neck, shoulder and hands, all of which lasted several weeks and impaired his ability to perform regular activities, and eyewitnesses corroborated the injuries to the victim's face (see, People v Harris, 198 AD2d 117, lv denied 83 NY2d 853; compare, People v Carney, 179 AD2d 818, lv denied 80 NY2d 894 [victim did not testify about the nature or extent of her pain or state that any of her daily activities were curtailed]). The absence of medical treatment is not dispositive (People v Granvy, 182 AD2d 540, 541, lv denied 80 NY2d 904, citing People v Brown, 176 AD2d 155, affd 81 NY2d 798). Concur—Sullivan, J. P., Wallach, Rubin, Kupferman and Mazzarelli, JJ.