THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL KIM, Appellant. [639 NYS2d 813]

Legally sufficient proof of "physical injury" (Penal Law § 10.00 [9]) was adduced by the victim's testimony that, as a result of the incident, he sustained scrapes to his hip, knee, hand, and arm, throbbing pain in his head and neck, pain in his foot, dizziness, rise in blood pressure and continued to have pain in his hip, leg and knee for two or three days (*see, People v DeChamps*, 219 AD2d 485, *lv denied* 86 NY2d 841). Defendant's claim that the prosecutor improperly used three hypotheticals in summation is unpreserved as a matter of law, since defendant did not object to two of the hypotheticals nor to the sufficiency of the court's instructions to the jury to disregard

the third, and we decline to review it in the interest of justice. If we were to review, we would find, *inter alia*, that the prosecutor's use of two of the hypotheticals was a proper response in kind to defendant's own initial use of hypotheticals (*see, People v Galloway*, 54 NY2d 396). The People's response to defendant's and the codefendant's attack on the police officer's credibility did not constitute vouching and was proper (*cf., e.g., People v Lovello*, 1 NY2d 436, 438-439; *see, People v Robertson*, 192 AD2d 447, *lv denied* 82 NY2d 725). We perceive no abuse of sentencing discretion, particularly in view of defendant's criminal record and the violent nature of this crime (*see, People v Farrar*, 52 NY2d 302, 305). Concur—Sullivan, J. P., Rosenberger, Ross, Williams and Tom, JJ.