■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ABIGAIL THOMAS, True Name JOSEPH WILLIAMS, Appellant. [640 NYS2d 503] —Judgment, Supreme Court, New York County (Renee White, J.), rendered December 8, 1993, convicting defendant, after a jury trial, of robbery in the second degree, and sentencing him, as a second felony offender, to a term of 5 to 10 years, unanimously affirmed.

The verdict was supported by legally sufficient evidence and was not against the weight of the evidence that showed defendant's use of force occurred "immediately" after he shoplifted the merchandise and was for the purpose of overcoming resistance to his retention thereof (Penal Law § 160.00 [1]), notwithstanding that the altercation occurred some 10 minutes after the taking and some four blocks away. The store security guard testified that he pursued defendant immediately after alerting other employees and apprehended him as soon as he could (*see, People v Dekle*, 83 AD2d 522, *affd* 56 NY2d 835). That defendant never discarded the property supports an inference that his use of force was not merely to escape or defend himself (*cf., People v Nixon*, 156 AD2d 144, 146, *appeal dismissed* 76 NY2d 870). Also legally sufficient was the evidence of physical injury, namely the complainant's testimony that as result of defendant's unprovoked aggression of kneeing him in the groin and squeezing his testicles, he experienced such severe pain that he could not initially stand up and thereafter stomach cramps and nausea for several days (*see, People v Valentine*, 212 AD2d 399, *lv denied* 85 NY2d 944; *People v Dailey*, 222 AD2d 278). "The fact that the witness did not seek medical treatment is not dispositive." (*People v DeChamps*, 219 AD2d 485, 486, *lv denied* 86 NY2d 841.) Concur—Rosenberger, J. P., Wallach, Kupferman, Nardelli and Williams, JJ.