■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY AYALA, Appellant. [644 NYS2d 162]

Defendant argues that it was improper for the prosecutor to elicit his opinion during cross-examination as to whether the People's witness lied. Defendant's challenge to the prosecutor's cross-examination of him is unpreserved as a matter of law since defense counsel failed to object (*People v Ortiz*, 165 AD2d 766, *lv denied* 77 NY2d 998) and we decline to review the claim in the interest of justice. Were we to do so, we would find that reversal would not be warranted. While examination of this kind is improper (*supra*), the question constituted one isolated incident, and it is highly unlikely that it affected the verdict in this nonjury trial. Moreover, evidence of defendant's guilt was overwhelming (*People v Thompson*, 220 AD2d 239, *lv denied* 87 NY2d 851).

Defendant contends that he was deprived of a fair trial by the court's interruption of defense counsel's closing arguments. This claim is unpreserved and, in any event, without merit since the court's single inquiry was made solely to ensure that there was an evidentiary basis underlying counsel's reference to missing evidence (*see, People v Marcelin*, 23 AD2d 368, 370).

We find no abuse of discretion in sentencing. Concur—Sullivan, J. P., Ellerin, Ross, Nardelli and Tom, JJ.