■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CARLOS GUZMAN, Appellant. [689 NYS2d 34] —Judgment, Supreme Court, New York County (Colleen McMahon, J.), rendered April 29, 1996, convicting defendant, after a jury trial, of two counts of intimidation of a witness in the third

degree and one count of assault in the third degree, and sentencing him, as a second felony offender, to two consecutive terms of 1½ to 3 years, to run concurrently with a term of 1 year, unanimously affirmed.

The verdict was based on legally sufficient evidence and was not against the weight of the evidence. We see no reason to disturb any of the jury's credibility determinations. The victim's testimony that, as the result of the attack by defendant and his cohorts, he sustained injuries including dark reddish streaks on his face that lasted for about two weeks, cuts and bruises that lasted several days, a large blood clot inside his lip, and soreness to his lip, face and ribs lasting for several days, established the element of physical injury (*see, People v Brooks*, 237 AD2d 139; *People v Kim*, 225 AD2d 496, *lv denied* 88 NY2d 987). Contrary to defendant's contention, we find that the testimony of defendant's ex-girlfriend, read as a whole, established that on November 1, 1995, defendant threatened to kill her if she spoke with the prosecutor about defendant's assault upon the original victim.

Testimony elicited by the People about defendant's derogatory racial and sexual reference to the prosecutor on one of the occasions when defendant threatened his ex-girlfriend was properly admitted as part of the People's proof on the intimidation charge, since this testimony completed the narrative and made clear that defendant was referring to the prosecutor, whom defendant did not otherwise identify in that statement. In any event, the testimony was not of an inflammatory nature (*People v Dien*, 161 AD2d 195, *affd* 77 NY2d 885). Defendant's challenge to the portion of the People's summation dealing with the same epithet is unpreserved and we decline to review it in the interest of justice. Were we to review this claim, we would reject it. Concur—Ellerin, P. J., Sullivan, Wallach and Rubin, JJ.