■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANGELO BARNES, Appellant.—Judgment, Supreme Court, Bronx County (Bonnie Wittner, J.), rendered July 25, 1988, convicting defendant, after a jury trial, of manslaughter in the first degree, and sentencing him to an indeterminate prison term of from 7 to 21 years, unanimously affirmed.

The deceased and his girlfriend, Angela Foster, were evicted from an apartment in which they had rented a back room. After the deceased broke into the apartment to retrieve his belongings, he had an argument with the defendant. The deceased and Foster then returned to the apartment because they heard noises inside. Defendant was sitting on a bed in the front room with his hand underneath a blanket. Foster witnessed defendant produce a gun and shoot the deceased twice as the deceased began to open the door to the back room. According to defendant, the deceased broke into the apartment, threatened defendant, headed for the back room, and made a reaching motion which caused defendant to fear that the deceased was reaching for a weapon.

During the prosecutor's cross-examination of Foster, the

court sanctioned the prosecutor's use of two court officers to demonstrate the relative positions of defendant and the deceased at the time of the shooting. However, despite repeated objections by defense counsel, which were sustained, the prosecutor attempted to stage a full blown re-enactment of the events, according to the witness. Any error which occurred, however, was not prejudicial. Since the jury was instructed that the two officers were being used for demonstrative purposes only, there was little danger that the jury would be misled regarding the actual circumstances of the crime. Further, since the demonstration was brief and not overly dramatic, it was not likely to inflame the jury *(compare, People v Budd,* 38 NY2d 988).

Contrary to defendant's argument, the court did not abuse its discretion by allowing a prosecution witness to testify that defendant warned her that someone in her family was going to die *(People v Davis,* 43 NY2d 17, 27, *cert denied* 435 US 998). Although defendant contends that only a tenuous link of inferences would lead to the conclusion that the defendant threatened the witness in order to prevent her from testifying, his argument concerns the weight of the testimony, not its admissibility. Furthermore, the court properly declined to strike the prosecutor's inquiry and the witness's affirmative response on redirect examination as to whether she still lived in the building when defendant made the statement.

We reject defendant's argument that he was deprived of a fair trial as a result of the prosecutor's misstatement of the facts of the case and the law of justification, and additional improper comments made by the prosecutor in cross-examining defendant and in his summation. The court sustained most of counsel's objections, instructed the jury to follow only the court's instructions on the law, and reminded the jury that their recollection of the facts controlled. Concur—Milonas, J. P., Rosenberger, Ellerin, Kassal and Smith, JJ.