■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES FONDER, Appellant. [621 NYS2d 54] —Judgment, Supreme Court, New York County (Alvin Schlesinger, J.), rendered January 11, 1993, convicting defendant, after a jury trial, of criminal possession of a controlled substance in the third degree, and sentencing him, as a second felony offender, to a term of 4½ to 9 years, unanimously affirmed.

Defendant was not deprived of a fair trial by prosecutorial misconduct in summation. The prosecutor's removal of the pen cap from her pen in arguing to the jury that their familiarity with such everyday objects was analogous to the

testifying officer's familiarity with crack vials was not prejudicial, since "the demonstration was brief and not overly dramatic" *(People v Barnes,* 175 AD2d 695, 696, *affd* 80 NY2d 867), and did not purport to replicate the officer's viewing conditions. There is no evidence that the prosecutor's misstatement of defendant's monthly income was made in bad faith, and the court's instructions, noting the prosecutor's reference to defendant's "weekly or monthly income" and advising the jury that its recollection of the evidence controlled, alleviated any prejudice *(People v Flores,* 191 AD2d 306, 307, *lv denied* 81 NY2d 1013). Similarly, prejudice caused by the prosecutor's comment that the only issue was whether the jury believed defendant or the police officers was alleviated by the court's instruction that the People had the burden of proof, which the prosecutor reiterated, and the court's subsequent sustaining of defendant's objection to the comment and additional corrective instruction given after defense counsel moved for a mistrial. Concur—Kupferman, J. P., Ross, Rubin and Williams, JJ.