■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v RICHARD BACHMANN, Respondent. [654 NYS2d 521] —Order insofar as appealed from unanimously reversed on the law, motion denied, count one of the indictment reinstated and matter remitted to Monroe County Court for further proceedings on the indictment. Memorandum: The People contend that County Court erred in dismissing the charge of robbery in the third degree on the ground that the evidence was insufficient pursuant to CPL 210.20 (1) (b). We agree. Competent evidence presented to the Grand Jury establishes that defendant stole a package of saw blades from Sears Department Store. When the store's loss prevention agent stopped him outside the store, defendant pushed and punched the agent in the chest and ran across the parking lot. When defendant tripped and fell to the ground while running, he told the approaching agent and another store employee to get away from him and that he had a gun. Defendant possessed the saw blades when taken into custody.

A person commits robbery in the third degree when he forcibly steals property (Penal Law § 160.05), i.e., "when, in the course of committing a larceny, he uses or threatens the immediate use of physical force upon another person for the purpose

of * * * [p]reventing or overcoming resistance to the taking of the property or to the retention thereof immediately after the taking" (Penal Law § 160.00 [1]). Contrary to the court's determination, the evidence presented to the Grand Jury, when viewed in the light most favorable to the People (*see, People v Swamp*, 84 NY2d 725, 730), establishes that defendant's use of physical force and threatened use thereof on the store employees was for the purpose of retaining the property stolen by defendant (*see, People v Letterlough*, 203 AD2d 589, *appeal dismissed* 84 NY2d 862, *lv denied* 84 NY2d 908; *People v Crespo*, 158 AD2d 466, *lv denied* 76 NY2d 733; *cf., People v Kellam*, 189 AD2d 1008; *People v Nixon*, 156 AD2d 144, 145-146, *appeal dismissed* 76 NY2d 870). (Appeal from Order of Monroe County Court, Egan, J.—Dismiss Count Indictment.) Present—Denman, P. J., Pine, Lawton, Doerr and Balio, JJ.