■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CARL WATKINS, Appellant. [665 NYS2d 69] —Judgment, Supreme Court, New York County (Juanita Bing Newton, J., at hearing; Clifford Scott, J., at plea and sentence), rendered November 23, 1994, convicting defendant of attempted burglary in the first degree, and sentencing him, as a persistent violent felony offender, to a term of 8 years to life, unanimously affirmed.

The motion court properly denied suppression of defendant's statements, since they were not the product of any illegal police behavior. As defendant concedes, the officers' initial approach and inquiry were justified. Contrary to defendant's claim, the fact that one of the officers briefly drew his weapon did not at that point transform the encounter into a forcible seizure. The officer drew his weapon and held it behind his leg only momentarily, while he had lost sight of defendant as the latter moved behind a parked truck, and the officer immediately reholstered it when he saw that defendant, unarmed,

was walking away (*see, People v Bora*, 83 NY2d 531; *People v Ocasio*, 201 AD2d 15, 19, *affd* 85 NY2d 982). Within seconds after the officers began asking defendant non-hostile questions, probable cause to arrest him arose when another police officer arrived and identified him as the person the officer had just observed attempting to break and enter into apartments.

The sentencing court properly rejected, without a hearing, defendant's challenge to his status as a persistent violent felony offender, since the proffered reason, that his attorney at the plea proceeding for one of the prior convictions had failed to explain to him the potential future sentence-enhancement consequences of pleading guilty to a felony, does not implicate any constitutional right (*People v Silvers*, 163 AD2d 71). Concur—Sullivan, J. P., Williams, Mazzarelli, Andrias and Colabella, JJ.