■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CODEY WIGGINS, Appellant. [696 NYS2d 604] —Judgment unanimously affirmed. Memorandum: Contrary to defendant's contention, the conviction of assault in the second degree (Penal Law § 120.05) is supported by legally sufficient evidence of physical injury (*see,* Penal Law § 10.00 [9]; *People v Sylvester,* 254 AD2d 711, 712; *People v Kim,* 225 AD2d 496, *lv denied* 88 NY2d 987). The victim testified that, after being hit in the back with a baseball bat, he felt severe pain. The blow left a red mark on his skin. He felt pain in the area for several days, and every time he moved his arm he knew that "something

was just not right". He took aspirin to relieve the pain. Further, the jury could rationally conclude, based upon the evidence, that defendant intended to cause physical injury to the victim. The evidence is also legally sufficient to establish defendant's identity. The store security specialist, who observed defendant taking items from the store without paying for them, recognized defendant from a prior encounter and identified defendant from a photo array. Evidence that the victim of the assault and other customers who witnessed the incident were unable to identify defendant from the photo array was presented to the jury, which chose to credit the identification evidence of the security specialist. We cannot say that the jury failed to give the evidence the weight it should be accorded (*see, People v Bleakley*, 69 NY2d 490, 495).

The conviction of robbery in the first degree (Penal Law § 160.15) is supported by legally sufficient evidence (*see, People v Bachmann*, 237 AD2d 897, *lv denied* 90 NY2d 855). County Court did not abuse its discretion in permitting the prosecutor to inquire of defendant, if he chose to testify, whether he had been previously convicted of various crimes and prohibiting inquiry into the nature of the convictions and their underlying facts (*see, People v Dunn*, 203 AD2d 962, *lv denied* 83 NY2d 966). We have examined defendant's remaining contentions and conclude that they lack merit. (Appeal from Judgment of Monroe County Court, Smith, J.—Assault, 2nd Degree.) Present—Green, J. P., Hayes, Pigott, Jr., and Scudder, JJ.