■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LANCE CARTER, Appellant. [720 NYS2d 679] —Judgment unanimously affirmed. Memorandum: Defendant was convicted following a jury trial of two counts of assault in the second degree (Penal Law § 120.05 [7]) and other crimes. We reject defendant's contention that there is legally insufficient evidence that the two correction officers who were assaulted sustained physical injuries within the meaning of Penal Law § 10.00 (9) (*see, People v Wiggins,* 265 AD2d 905, *lv denied* 94 NY2d 908). One officer was bruised and scraped, sore for two weeks and out of work for 20 days. The pain interfered with his sleep, and he had trouble walking because of a swollen leg. Additionally, his physician testified that he had a bruised kidney. The other officer was bitten by defendant, causing "excruciating" pain that remained "severe" during the following week, and the bites left permanent scars. Defendant failed to preserve for our review his additional contention that the People failed to prove beyond a reasonable doubt that he acted intentionally when he assaulted the officers (*see, People v Gray,* 86 NY2d 10, 19).

We reject the contention of defendant that County Court erred in denying his motion for a mistrial based on alleged

prosecutorial misconduct on summation. There is only one instance of alleged misconduct that is preserved for our review by timely objection. The court sustained that objection and gave two corrective instructions to the jury, which alleviated any possible prejudice (*see, People v Fonder*, 211 AD2d 445, 446, *lv denied* 85 NY2d 938). We decline to review the unpreserved instances of alleged misconduct on summation as a matter of discretion in the interest of justice (*see,* CPL 470.15 [6] [a]). With respect to the instances of alleged misconduct by the prosecutor in cross-examining defendant, the court sustained defendant's objections thereto and gave prompt curative instructions to the jury (*see, People v Fonder, supra,* at 446).

Finally, we conclude that the court properly determined that defendant was a persistent violent felony offender (*see,* Penal Law § 70.08). We reject the contention of defendant that one of the predicate convictions was unconstitutionally obtained because his lawyer failed to advise him of "the potential future sentence-enhancement consequences of [his guilty plea]" (*People v Watkins*, 244 AD2d 269, 270, *lv denied* 92 NY2d 863; *see, People v Lancaster*, 260 AD2d 660). Although defendant contends that his sentence as a persistent violent felony offender is unduly harsh or severe, such sentence was mandatory upon the finding that he was a persistent violent felony offender (*see,* Penal Law § 70.08 [2]), and the court imposed the minimum sentence allowable by law .(*see,* Penal Law § 70.08 [3] [c]). (Appeal from Judgment of Erie County Court, Drury, J.—Assault, 2nd Degree.) Present—Green, J. P., Pine, Hayes, Wisner and Scudder, JJ.