■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HERIBERTO NIEVES, Appellant. [829 NYS2d 505]—Judgment, Supreme Court, New York County (Bonnie Wittner, J.), rendered May 20, 2004, convicting defendant, after a nonjury trial, of robbery in the third degree, and sentencing him, as a second felony offender, to a term of 2½ to 5 years, unanimously affirmed.

Defendant's legal sufficiency arguments are unpreserved and we decline to review them in the interest of justice. Were we to review these claims, we would find that the verdict was based on legally sufficient evidence. Furthermore, the verdict was not against the weight of the evidence. There is no basis for disturbing the court's determinations concerning credibility (*see People v Bleakley*, 69 NY2d 490, 495 [1987]). The evidence supports the conclusion that defendant's use of force against store employees was for the purpose, at least in part, of retaining control of the stolen merchandise that was in his possession, that he did not voluntarily abandon any of the merchandise, and that he did not use force merely for the purpose of escaping (*see e.g. People v Trotter*, 24 AD3d 127 [2005], *lv denied* 6 NY3d 819 [2006]; *People v Brown*, 243 AD2d 363 [1997], *lv denied* 91 NY2d 889 [1998]; *compare People v Nixon*, 156 AD2d 144 [1989], *appeal dismissed* 76 NY2d 870 [1990]). Concur—Mazzarelli, J.P., Andrias, Friedman, Sweeny and Kavanagh, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FRANCISCO ESTRELLA, Appellant. [828 NYS2d 809]—Judgment, Supreme Court, New York County (Charles J. Tejada, J.), rendered June 15, 2005, convicting defendant, upon his plea of guilty, of conspiracy in the fourth degree, and sentencing him, as a second felony offender, to a term of 1½ to 3 years, unanimously affirmed.

Defendant's unpreserved challenge to the validity of his plea falls outside the narrow exception to the preservation requirement (*see People v Toxey*, 86 NY2d 725 [1995]), and we decline to review it in the interest of justice. Were we to review this claim, we would conclude that defendant's plea was knowing, intelligent and voluntary, and that there was no indication that further inquiry was required to determine whether the plea was induced by the prosecutor's agreement not to prosecute defendant's sister (*see People v Fiumefreddo*, 82 NY2d 536 [1993]). Concur—Mazzarelli, J.P., Andrias, Friedman, Sweeny and Kavanagh, JJ.