THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v VANG KHAMMONIVANG, Appellant. (Appeal No. 1.) [891 NYS2d 837]—

Memorandum: In appeal No. 1, defendant appeals from a judgment convicting him upon his plea of guilty of one count of felony driving while intoxicated (Vehicle and Traffic Law § 1192 [3]; § 1193 [1] [c] [former (i)]) and, in appeal No. 2, he appeals from a judgment convicting him upon his plea of guilty of use of a child in a sexual performance (Penal Law § 263.05) and possessing a sexual performance by a child (§ 263.16). Addressing first the judgment in appeal No. 2, we conclude that defendant failed to preserve for our review his challenge to the factual sufficiency of the plea allocution by failing to move to withdraw the plea or to vacate the judgment of conviction (*see People v Lopez*, 71 NY2d 662, 665 [1988]; *People v Moorer*, 63 AD3d 1590 [2009]). Contrary to defendant's contention, this case does not fall within the narrow exception to the preservation requirement (*see People v Toxey*, 86 NY2d 725, 726 [1995], *rearg denied* 86 NY2d 839 [1995]; *Lopez*, 71 NY2d at 666; *People v Lacey*, 49 AD3d 1259 [2008], *lv denied* 10 NY3d 936 [2008]).

In view of our determination affirming the judgment in appeal No. 2, we reject defendant's contention that the judgment in appeal No. 1 must be reversed on the ground that he pleaded

guilty in appeal No. 1 based on the promise that the sentence in appeal No. 1 would run concurrently with the sentence in appeal No. 2 (*cf. People v Fuggazzatto*, 62 NY2d 862 [1984]). Present—Scudder, P.J., Fahey, Carni and Gorski, JJ.