Memorandum: On appeal from a judgment convicting him upon a jury verdict of sexual abuse in the first degree (Penal Law § 130.65 [1]), defendant contends that County Court penalized him for exercising his right to trial. We reject that contention. " '[T]he mere fact that a sentence imposed after trial is greater than that offered in connection with plea negotiations is not proof that defendant was punished for asserting his right to trial' " (*People v Chappelle*, 14 AD3d 728, 729 [2005], *lv denied* 5 NY3d 786 [2005]), and there is no indication in the record that the court was vindictive in sentencing defendant (*see People v Griffin*, 48 AD3d 1233, 1237 [2008], *lv denied* 10 NY3d 840 [2008]). We reject the further contention of defendant that he was denied effective assistance of counsel based on defense counsel's failure to pursue an intoxication defense, inasmuch as there was "a paucity of evidence that defendant exhibited significant signs of intoxication or that his mental state was affected by alcohol" (*People v Van Ness*, 43 AD3d 553, 555 [2007], *lv denied* 9 NY3d 965 [2007]). Present—Scudder, P.J., Fahey, Carni and Gorski, JJ.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v VANG KHAMMONIVANG, Appellant. (Appeal No. 2.) [890 NYS2d 872]—

Same memorandum as in *People v Khammonivang* (68 AD3d 1727 [2009]). Present—Scudder, P.J., Fahey, Carni and Gorski, JJ.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROGER P. ZULIAN, Appellant. [891 NYS2d 821]—