# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**382**

**KA 10-00680**

PRESENT: SCUDDER, P.J., SMITH, CARNI, LINDLEY, AND WHALEN, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                          MEMORANDUM AND ORDER

ELVIN ROIG, DEFENDANT-APPELLANT.
(APPEAL NO. 1.)

---

TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER (JANE I. YOON OF COUNSEL), FOR DEFENDANT-APPELLANT.

SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (GEOFFREY KAEUPER OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Monroe County Court (John J. Connell, J.), rendered December 18, 2009. The judgment convicted defendant, upon a nonjury verdict, of robbery in the third degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: In appeal No. 1, defendant appeals from a judgment convicting him, upon a nonjury verdict, of robbery in the third degree (Penal Law § 160.05) and, in appeal No. 2, he appeals from a judgment convicting him upon his plea of guilty of burglary in the third degree (§ 140.20). With respect to appeal No. 1, viewing the evidence in light of the elements of the crime in this nonjury trial (*see People v Danielson*, 9 NY3d 342, 349), we reject defendant's contention that the verdict is against the weight of the evidence (*see generally People v Bleakley*, 69 NY2d 490, 495). "The evidence supports the conclusion that defendant's use of force against store employees was for the purpose, at least in part, of retaining control of the stolen merchandise that was in his possession, that he did not voluntarily abandon any of the merchandise, and that he did not use force merely for the purpose of escaping" (*People v Nieves*, 37 AD3d 277, 277, *lv denied* 9 NY3d 848; *see People v Thomas*, 226 AD2d 120, 120, *lv denied* 88 NY2d 886; *People v Miller*, 217 AD2d 970, 970-971).

"In view of our determination affirming the judgment in appeal No. [1], we reject defendant's contention that the judgment in appeal No. [2] must be reversed on the ground that he pleaded guilty in appeal No. [2] based on the promise that the sentence in appeal No. [2] would run concurrently with the sentence in appeal No. [1]" (*People v Khammonivang*, 68 AD3d 1727, 1727-1728, *lv denied* 14 NY3d

889; *cf. People v Fuggazzatto*, 62 NY2d 862, 863).

Entered:  May 2, 2014                          Frances E. Cafarell
                                               Clerk of the Court